1  ROSENDO GONZALEZ (State Bar No. 137352)
   ZACHARY I. GONZALEZ (State Bar No. 316577)
2  GONZALEZ & GONZALEZ LAW, P.C.
   530 S. Hewitt St., Ste. 148
3  Los Angeles, CA 90013
   Telephone (213)452-0070
4  Facsimile (213)452-0080
   E-mail: rossgonzalez@gonzalezplc.com
5          zig@gonzalezplc.com

6  Counsel for Glick Haupt
   Marino LLP

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                   **NORTHERN DIVISION**

11

   In re                        )   BK. No. 9:22-bk-10674-RC
12                               )      [Chapter 7]
   JOHN KING,                    )
13                               )
              Debtor.            )
14                               )   GLICK HAUPT MARINO LLP'S
                                 )   OPPOSITION TO WOLVERINE
15                               )   ENDEAVORS VIII, LLC'S MOTION
                                 )   TO COMPEL COMPLIANCE WITH
16                               )   *SUBPOENA* [DOCKET NO. 353];
                                 )   DECLARATION OF LISA R. HAMON
17                               )   IN SUPPORT THEREOF
                                 )
18                               )
                                 )
19                               )
                                 )
20                               )   DATE:   November 18, 2025
                                 )   TIME:   1:00 p.m.
21                               )   PLACE:  Courtroom "201"
                                 )
22                               )
                                 )
23  _____  )

24 **TO THE HONORABLE RONALD A. CLIFFORD III, UNITED STATES BANKRUPTCY**

25 **JUDGE, AND TO MOVANT WOLVERINE ENDEAVORS VIII, LLC AND ITS**

26 **ATTORNEY OF RECORD:**

27      Glick Haupt Marino LLP ("GHM"), through its counsel,

28 Gonzalez & Gonzalez Law, P.C., respectfully submits this

1  opposition to the motion filed by Wolverine Endeavors VIII, LLC,

2  a petitioning creditor ("Wolverine"), to compel compliance with a

3  *subpoena* for the production of documents ("SDT")[DOCKET NO.

4  353](the "Motion to Compel").[1]

5

6                                    I.

7            **WOLVERINE AND ITS COUNSEL FAILED**

8     **TO COMPLY WITH LOCAL BANKRUPTCY RULE 7026-1(c)(2) AND**

9     **RULE 37(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

10

11       A.    Local Bankruptcy Rule 7026-1(c), applicable to this

12  "contested matter," sates, in pertinent part, as follows:

13            (2) <u>Meeting of Parties</u>.  Prior to the filing

14            of any motion relating to discovery, the

15            parties must meet in person or by telephone

16            **in a good faith effort to resolve a discovery**

17            **dispute.**  It is the responsibility of the

18            moving party to arrange the conference.

19            Unless altered by agreement of the parties or

20            by order of the court for cause shown, the

21            opposing party must meet with the moving

22            party within 7 days of service upon the

23            opposing party of a letter requesting such

24

25  _____

26       [1] GHM acknowledges that this opposition is one (1) day late,
     in view of the requirements of Local Bankruptcy Rule 9013-

27  1(f)(1), but believes that this delay is unlikely to cause any
     substantial prejudice to Wolverine under the circumstances.  *See*,

28  Lisa R. Hamon's Declaration.

1      meeting and **specifying the terms of the**

2      **discovery order to be sought.**

3              (3) <u>Moving Papers</u>.  If the parties are unable to

4      resolve the dispute, the party seeking discovery

5      must file and serve a notice of motion together

6      **with a written stipulation by the parties.**

7                      *     *     *

8              (C) **In the absence of such stipulation or a**

9              **declaration of a party of noncooperation by**

10             **the opposing party, the court will not**

11             **consider the discovery motion.**

12  (Emphasis added.)

13      B.   In the declaration of Casey Donoyan of Offit Kurman,

14  PC, Wolverine's counsel ("Donoyan"), submitted in support of the

15  Motion to Compel, he states that:

16              On October 28, 2025, I met and conferred with

17              Mike Haupt and Lisa Hamon of GHM regarding

18              the Objections [to the SDT].  We spoke for

19              approximately one hour, and although

20              Wolverine agreed to withdraw Request No. 1 in

21              the Subject SDT, GHM did not agree to produce

22              any documents, leaving Wolverine with no

23              option but to file the Motion to Compel.

24  *See*, paragraph 25, pages 16-17 of the Motion to Compel.

25      C.   However, and for whatever reason, Donoyan failed to

26  provide [with the Motion to Compel] a copy of the required "meet

27  and confer" letter "specifying the terms of the discovery order

28  ///

1 | to be sought," in compliance with Local Bankruptcy Rule 7026-
2 | 1(c)(2).

3 |     D.   On October 22, 2025, Donoyan sent an email to Michael
4 | Haupt ("Haupt") and Lisa Hamon ("Hamon"), both of GHM, stating as
5 | follows:

6 |         I am in receipt of your firm's Objections to
7 |         Wolverine's subpoena (the 'Objection') served
8 |         on Glick, Haupt and Marino ('GHM'). Per  FRCP
9 |         Rule 37(a), made applicable by Rule 7037 of
10 |        the FRBP, I am required to meet and confer
11 |        with GHM prior to filing a motion to compel.
12 |        Please advise if either of you are available
13 |        for a quick chat tomorrow or Friday to
14 |        discuss the Objection to see if we can narrow
15 |        the scope of the documents requested to avoid
16 |        having to file a motion to compel.

17 | A copy of Donoyan's October 22, 2025 email addressed to Haupt and
18 | Hamon is attached hereto and is incorporated herein as Exhibit
19 | "1."

20 |     E.   Despite the requirements of Local Bankruptcy Rule 7026-
21 | 1(c)(2), Donoyan failed to specifically set forth the discovery
22 | sought and provide any legal authorities in support of his
23 | position.

24 |     F.   Moreover, and during the telephonic October 28, 2025
25 | "meet and confer" conference, Haupt and Hamon disagreed with
26 | Donoyan's argument and contentions as to why GHM was somehow
27 | required to produce documents that were subject to the attorney-
28 | ///

S:\home\4171\4171.001.oppstn mtn to compel.wpd
11/5/25 RG                          -4-

1   client privilege, attorney-work product and/or that were not

2   relevant or material.  *See*, Lisa R. Hamon's Declaration.

3      G.   In view of that disagreement and instead of providing a

4   proposed discovery stipulation for each side to set forth their

5   respective positions and arguments, as required by Local

6   Bankruptcy Rule 7026-1(c)(2), Donoyan immediately filed the

7   Motion to Compel at 11:01 p.m. on October 28, 2025, the same day

8   that the telephonic "meet and confer" conference took place.

9      H.   Donoyan's "meet and confer" efforts were illusory, and

10  not made in good faith in an attempt to resolve the discovery

11  dispute.  *See*, Rule 37(a)(1) of the Federal Rules of Civil

12  Procedure ("FRCP")("The motion [to compel] must include

13  certification that movant has in good faith . . . in an effort to

14  obtain it [discovery] without court action.").  *See also*, *Cardoza*

15  *v. Bloomin' Brands*, 141 F. Supp.3d 1137, 1145 (D. Nev. 2015)("A

16  threshold issue in the review of any motion to compel is whether

17  the movant made adequate efforts to resolve the dispute without

18  court intervention.").

19     I.   Counsel should strive to be cooperative, practical and

20  sensible, and should seek judicial intervention "only in

21  extraordinary situations that implicate truly significant

22  interests."  *In re Convergent Technologies Securities Litigation*,

23  108 F.R.D. 328, 331 (N.D. Cal. 1985).  "The discovery process in

24  theory should be cooperative and largely unsupervised by the

25  district court."  *Sali v. Corona Regional Medical Center*, 884

26  F.3d 1218, 1219 (9th Cir. 2018).

27  ///

28  ///

1        J.    There is nothing set forth in the Motion to Compel

2    explaining or justifying the reason for Donoyan's failure to

3    fully adhere to Local Bankruptcy Rule 7026-1(c)(2) and FRCP Rule

4    37(a)(1).

5                    *Pro se* litigants, as well as represented

6                    litigants and their counsel, must adhere to

7                    the Local Rules . . . 'Before filing any

8                    motion relating to discovery under [Federal

9                    Rules of Civil Procedure] 26-37, counsel for

10                   the parties must confer in a good-faith

11                   effort to eliminate the necessity for hearing

12                   the motion or eliminate as many of the

13                   disputes as possible.  It is the

14                   responsibility of counsel for the moving

15                   party to arrange this conference.  **'If**

16                   **counsel are unable to settle their**

17                   **differences, they just formulate a written**

18                   **stipulation unless otherwise ordered by the**

19                   **Court' and file and serve the stipulation**

20                   **with a notice of motion.**  The Local Rules

21                   specify the form and preparation of the joint

22                   stipulation.

23   *Mintz v. Northwestern Mutual Life Insurance Company*, 2024 U.S.

24   Dist. LEXIS 240279, *3-4 (C.D. Cal. 2024)(citations omitted &

25   emphasis added).  *See also, Prejean v Lynwood Unified School*

26   *District*, 2008 U.S. Dist. LEXIS 127709, *2-3 (C.D. Cal. 2008)

27   ("[S]trict compliance with the local rules is required and

28   ///

1 | discovery disputes must be brought to the attention of the court

2 | by way of joint stipulation.").

3 |     K.   *That was not done in this case.*

4 |     L.   In view of Donoyan's failure to adhere to Local

5 | Bankruptcy Rule 7026-1(c)(2) and FRCP Rule 37(a)(1), the Motion

6 | to Compel should be denied.

7 |

8 | **II.**

9 | **GHM IS WILLING TO SET FORTH, AS PART OF A JOINT**

10 | **DISCOVERY STIPULATION, THE LEGAL AUTHORITIES**

11 | **SUPPORTING ITS POSITION WITH RESPECT TO THE SDT**

12 |

13 |     A.   "The scope of the discovery that can be requested

14 | through a Rule 45 subpoena is the same as the scope under Rule

15 | 26(b)."[2] *Williams v. Dr. Harold Katz, LLC*, 2020 U.S. Dist. LEXIS

16 | 271377, *2 (N.D. Cal. 2020)(citations omitted); *Transcor, Inc. v.*

17 | *Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003)("It is

18 | well settled, however, that the scope of discovery under a

19 | ///

20 | ─────────────────

21 |    [2] (b) *Discovery Scope and Limits.*
(1) *Scope in* General.  Unless otherwise limited by court order,

22 | the scope of discovery is as follows: Parties may obtain
discovery regarding **any nonprivileged matter** that is relevant to

23 | any party's claim or defense and proportional to the needs of the
case, considering the importance of the issues at stake in the

24 | action, the amount in controversy, the parties' relative access
to relevant information, the parties' resources, **the importance**

25 | **of the discovery in resolving the issues, and whether the burden**

26 | **or expense of the proposed discovery outweighs its likely**

27 | **benefit.** Information within this scope of discovery need not be
admissible in evidence to be discoverable.

28 | (Emphasis added.)

1  subpoena is the same as the scope of discovery under Rule 26(b)

2  and Rule 34.").

3      B.    Relevancy is broadly defined to encompass any matter

4  that bears on, or that reasonably could lead to other matter that

5  could bear on, any issue that is or may be in the case.

6  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct.

7  2380, 57 L.Ed. 2d 253 (1978).

8      C.    While relevance is broadly defined, it does have

9  "ultimate and necessary boundaries." *Gonzales v. Google, Inc.*,

10  234 F.R.D. 674, 680 (N.D. Cal. 2006), *quoting, Oppenheimer Fund,*

11  *Inc.*, 437 U.S. at 351.

12     D.    Discovery is more limited in order to protect third

13  parties from harassment, inconvenience, or disclosure of

14  confidential documents.   *Dart Industries Co., Inc. v. Westwood*

15  *Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980)(in deciding

16  discovery disputes, courts must be careful not to deprive the

17  party of discovery that is reasonably necessary to their case).

18  "Thus, a court determining the propriety of a subpoena balances

19  the relevance of the discovery sought, the requesting party's

20  need, and the potential hardship to the party subject to the

21  subpoena." *Gonzales*, 234 F.R.D. at 680.

22     E.    GHM believes and contends that the majority of the

23  documents sought in the STD are privileged, whether as attorney-

24  client communications or attorney-work-product.   In addition, GHM

25  contends that the STD seeks documents that are not relevant or

26  material under FRCP Rule 26(b)(1), considering the "burden or

27  expense of the proposed discovery outweighs its likely benefit"

28  under the circumstances in this case.

1        F.    In that respect, GHM is willing and ready to set forth

2    its position in a joint discovery stipulation pursuant to Local

3    Bankruptcy Rule 7026-1(c)(2).

4

5                          **III.**

6                      **<u>CONCLUSION</u>**

7

8        The Motion to Compel should be denied.

9        In the alternative, GHM should be allowed thirty (30) days

10   from the date of the hearing on the Motion to Compel to prepare

11   and provide a privilege log and any other applicable objection in

12   response to the SDT.

13       In the event that there is still a discovery dispute, the

14   parties and their respective counsel should be ordered to fully

15   and in good faith comply with the requirements of Local

16   Bankruptcy Rule 7026-1(c)(2) and FRCP 37(a)(1).

17   Dated:  November 5, 2025        GONZALEZ & GONZALEZ LAW
                                     Professional Corporation

18

19

20

21                                 By:_____

22                                   ROSENDO GONZALEZ
                                     ZACHARY I. GONZALEZ
                                     Counsel for Glick Haupt Marino LLP

23

24

25

26

27

28

1

## DECLARATION OF LISA R. HAMON

2

3      I, Lisa R. Hamon, declare as follows:

4      1.    I am an attorney duly admitted to practice in the State

5  of California.  I am a partner at Glick Haupt Marino LLP ("GHM").

6      2.    I have personal knowledge of the following and if

7  called upon to testify I could and would do so competently.

8      3.    On or about October 2, 2025, we received a *subpoena* for

9  the production of documents ("SDT"), apparently issued by Casey

10  Donoyan of Offit Kurman, PC, counsel for Wolverine Endeavors

11  VIII, LLC, a petitioning creditor in this bankruptcy case

12  ("Wolverine")("Donoyan").

13      4.    On or about October 16, 2025, we responded to the SDT

14  with a number of objections (the "Objections").  A copy of the

15  Objections was attached as Exhibit "B" to Wolverine's motion to

16  compel compliance with the SDT (the "Motion to Compel")[DOCKET

17  NO. 353].

18      5.    On October 22, 2025, we received an email from Donoyan

19  addressed to my partner, Michael Haupt ("Haupt"), and I seeking

20  to "meet and confer" regarding the Objections to the SDT.  A copy

21  of Donoyan's October 22, 2025 email is attached hereto and is

22  incorporated herein as Exhibit "1."

23      6.    On October 28, 2025, Donoyan, Haupt and I participated

24  in a telephonic "meet and confer" conference.  We disagreed with

25  Donoyan's argument and position.  We questioned Donoyan about the

26  propriety of his requests and allowed him the opportunity to

27  explain why he was entitled to our client files, many of which

28  are privileged.  In response, Donoyan acknowledged that the SDT

1  was overly broad and encompasses documents protected by the

2  attorney-client privilege.  Nevertheless, Donoyan refused to

3  narrow or revise the scope of the SDT.

4    7.    However, *that "meet and confer" conference was clearly*

5  *not productive and/or not conducted in good faith, since Donoyan*

6  *stated that the had already prepared the Motion to Compel.*

7    8.    In fact, it appears that Donoyan immediately filed the

8  Motion to Compel at approximate 11:01 p.m. on October 28, 2025,

9  shortly after our "meet and confer" conference.

10   9.    Not clear why at no time did Donoyan provide or agree

11 to provide a proposed discovery stipulation for each side to

12 specifically set forth their respective factual and legal

13 arguments on this discovery dispute.

14   10.   I believe that the Motion to Compel was prematurely

15 filed without fully adhering to the legal requirements for such a

16 motion.

17   11.   Since our firm does not practice bankruptcy law, we

18 promptly searched for competent bankruptcy counsel to address the

19 premature and improperly filed Motion to Compel.  That process

20 was limited in view of the unnecessary "rush" timing of the

21 Motion to Compel.  We were able to finally retain bankruptcy

22 counsel in the afternoon of November 4, 2025.  We believe that

23 Rosendo Gonzalez of Gonzalez & Gonzalez Law, P.C., who is a long

24 time panel bankruptcy trustee for the United States Bankruptcy

25 Court for the Central District of California - Los Angeles

26 Division, and an experienced business and bankruptcy litigator,

27 is the appropriate person to represent our firm in this matter.

28 ///

1        12.  We sincerely apologize to this Court for that one (1)

2    day delay in submitting this opposition to the Motion to Compel.

3        I declare under penalty of perjury under the laws of the

4    United States of America that the foregoing is true and correct.

5        Executed this 5th day of November, 2025, at San Luis Obispo,

6    California.

7                                                _____

                                           LISA R. HAMON

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**530 S. Hewitt Street #148, Los Angeles, CA 90013**

A true and correct copy of the foregoing document entitled (*specify*): <u>**GLICK HAUPT MARINO LLP'S OPPOSITION TO WOLVERINE ENDEAVORS VIII, LLC'S MOTION TO COMPEL COMPLIANCE WITH** *SUBPOENA* **[DOCKET NO. 353]; DECLARATION OF LISA R. HAMON IN SUPPORT THEREOF**</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>**November 5, 2025**</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

William C Beall    Will@BeallandBurkhardt.com, carissa@beallandburkhardt.com
Casey Z Donoyan    casey.donoyan@offitkurman.com, smcfadden@lakklawyers.com;ncondren@lakklawyers.com
Jon F Gauthier    jgauthier@ftblaw.com, jrobinson@ftblaw.com
Hal D Goldflam    hgoldflam@frandzel.com, sking@frandzel.com,autodocket@frandzel.com
Karen L Grant    kgrant@silcom.com
Michael Haupt    michael@ghmlaw.com
Carissa N Horowitz    carissa@davidovichlaw.com, artyc@aol.com;castlesb@aol.com
Nicolino Iezza    niezza@spiwakandiezza.com
Lior Katz    lior@katzlaw.com
Thomas Scott Leo    sleo@leolawpc.com, paralegal@leolawpc.com
Ashley Neglia    ashley.neglia@eastwestbank.com
Teresa L Polk    tp@smtdlaw.com, tugland@smtdlaw.com
Paul F Ready    becky@farmerandready.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
Gerrick Warrington    gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) <u>**November 5, 2025**</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no late than 24 hours after the document is filed.

| <u>**United States Bankruptcy Court Judge**</u> | Paul Metchik |
| Honorable Ronald A. Clifford III | Paul Metchik, Attorney at Law |
| 1415 State Street, Suite 233 | 1316 Broad St |
| Santa Barbara, CA 93101 | San Luis Obispo, CA 93401 |

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

1

2   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

3   **November 5, 2025**          Gabrielle I. Gonzalez              /s/ Gabrielle I. Gonzalez
     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾          ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
       *Date*                       *Printed Name*                   *Signature*

4

5

6

7

8

9

10

11                                             .

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



in f 𝕏 .ⓞ

**From:** Lisa Hamon <Lisa@ghmlaw.com>
**Sent:** Friday, October 24, 2025 9:44 AM
**To:** Donoyan, Casey <casey.donoyan@offitkurman.com>
**Cc:** Michael Haupt <Michael@ghmlaw.com>
**Subject:** RE: In re John E. King

Hi Casey,

I'm up against two filing deadlines today, but I'll be available next week if that works for you. Please send over a few dates and times that fit your schedule, and we'll get a call scheduled.

Thank you,

Lisa

**Lisa R. Hamon | Partner**
**GLICK HAUPT MARINO LLP**
1315 Santa Rosa Street
San Luis Obispo, CA 93401
Telephone: (805) 544-2450
www.ghmlaw.com

**From:** Donoyan, Casey <casey.donoyan@offitkurman.com>
**Sent:** Wednesday, October 22, 2025 4:51 PM
**To:** Michael Haupt <Michael@ghmlaw.com>; Lisa Hamon <Lisa@ghmlaw.com>
**Subject:** In re John E. King

Michael and Lisa:

I am in receipt of your firm's Objections to Wolverine's subpoena (the "Objection") served on Glick, Haupt and Marino ("GHM"). Per FRCP Rule 37(a), made applicable by Rule 7037of the FRBP, I am required to meet and confer with GHM prior to filing a motion to compel. Please advise if either of you are available for a quick chat tomorrow or Friday to discuss the Objection to see if we can narrow the scope of the documents requested to avoid having to file a motion to compel.

Thanks,

**Casey Donoyan**
                                445 S. Figueroa Street
                                18th Floor
                                3

Principal
D 213.341.1309
casey.donoyan@offitkurman.com

Los Angeles, CA 90071
T 213.629.5700
F 213.624.9441
offitkurman.com

in f 𝕩 ⊙

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.