| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>CASEY Z. DONOYAN, SBN 224945<br>casey.donoyan@offitkurman.com<br>OFFIT KURMAN, PC<br>445 S. Figueroa Street, 18th Floor<br>Los Angeles, California 90071<br>Telephone: 213.629.5700<br>Facsimile: 213.624.9441<br><br>☐ Individual *appearing without an attorney*<br>☒ *Attorney for:* Wolverine Endeavors VIII, LLC | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br>JOHN E. KING<br><br><br><br><br>Debtor(s) | CASE NO.: 9:22-bk-10674-rc<br>CHAPTER: 7<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion*[1]):<br>RENEWED MOTION FOR DAMAGES<br>PURSUANT TO 11 U.S.C. 303(i) |
|---|---|

PLEASE TAKE NOTE that the order titled PROPOSED ALTERNATE PRETRIAL ORDER

was lodged on (*date*) __02/27/2026__ and is attached. This order relates to the motion which is docket number 342.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 1    **F 9021-1.2.BK.NOTICE.LODGMENT**

**BEALL & BURKHARDT, APC**
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
CARISSA N. HOROWITZ, STATE BAR NO. 274814
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774, FAX (805) 963-5988

Counsel for Alleged Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>John E. King,<br><br>　　　　　　Alleged Debtor. | Bk. No. 9:22-bk-10674-RC<br>Chapter 7<br><br>**PROPOSED ALTERNATE PRETRIAL ORDER**<br><br>Date:  April 15, 2026<br>Time:  9:00 p.m.<br>Place:  1415 State Street<br>　　　　Courtroom 201<br>　　　　Santa Barbara CA 93101 |

Dismissed Debtor John E. King, and petitioning creditors Fence Factory, Inc. ("Fence Factory"), and Wolverine Endeavors VIII, LLC ("Wolverine"), bring their pretrial stipulation concerning the evidentiary hearing on the request of John King for damages under 11 USC 303(i) as follows:

1. The following facts are admitted and require no proof.

   a. On August 31, 2022, Wolverine Endeavors VIII, LLC ("Wolverine") filed separate involuntary petitions against John and Carole King, husband and wife.

   b. On May 12, 2023, Fence Factory, Inc. ("Fence Factory") filed a joinder in the involuntary petitions.

1

c. On July 21, 2025, this Court entered its Order (Docket 340) dismissing the Involuntary petition at the request of the petitioning creditors.

d. The Dismissal (Docket 340) was not entered with the consent of the Debtor, as that phrase is used in 11 USC 303(i).

e. The dismissed Debtor has not waived judgment under 11 USC 303(i).

f. The alleged attorneys fees and costs incurred by dismissed debtor John King are as shown in Dismissed Debtor's Exhibit "a" attached hereto, and Exhibit "a" shall be admitted.

g. The services on Exhibit "a" were billed at $525.00 per hour from the inception of the case to February 1, 2023, $575.00 per hour from February 1, 2023 to January 31, 2025, and at $650.00 per hour from February 1, 2025 to the present.

h. The original petition was filed for Wolverine by Jessica Bagdanov of BG Law, an experienced Bankruptcy practitioner. It made no reference to the purchase of East West Bank's claim by Wolverine. It alleged the Alleged Debtor had less than 12 creditors.

i. The Debtor moved to dismiss. Wolverine moved for leave to amend, making the argument that it thought all the creditors listed by the Kings, and known to Wolverine due to its possession of the King's general ledger, should not be counted because "at least 41 of [John's] creditors disclosed in the [Motion to Dismiss] appear unqualified under Section 303(b)(1) because they are either insiders of [John] or are likely recipients of avoidable transfers." (see Docket 207 p.2, lines 24-27). Wolverine never successfully challenged any of Mr. King's creditors or filed a motion on either ground.

j. The Court permitted amendment. Wolverine attached a proposed amended petition to its Motion for leave to amend. The proposed amended petition also alleged less than 12 creditors Wolverine also failed to produce evidence of its purchase of the claim.

k. After another round of briefings Wolverine filed an Amended Petition (Docket 44) attaching the purchase agreement that admitting it had only paid cash consideration of $1,000 to purchase this claim.

l. Despite holding prepetition liens, Wolverine stated under oath in the original and amended petitions that its claim exceeded the value of the security, less senior liens, in the full amount of its claim.

m. Prior to the filing of the involuntary petitions, Insurance Company of the West repeatedly refused to join as a filing petitioning creditor on the involuntary petitions because it knew, and told Wolverine, that it would require 3 petitioning creditors to file against John King.

n. At the time it joined the petition, Fence Factory had an open account for fence rental with King Ventures, a dba of John King.

o. The Debtor recorded King Venture's renewal of its fictitious business name statement with the Official Records of San Luis Obispo County on December 18, 2020, as Document No. 20202516.

p. As depicted in the fictitious business name statement, John E. King is the only signatory as registrant and principal of King Ventures. As also depicted in the fictitious business name statement, John E. King asserts that the business of King Ventures is conducted by "an individual." The box indicating that the business is conducted by "a married couple" is not marked.

q. Debtor listed Fence Factory as a pre-petition creditor of King Ventures in the list of creditors filed in this case.

r. Steven Bennett on behalf of Fence Factory testified as described on Page 14, line 24 through Page 16 line 25 concerning his investigation into the Fence Factory obligation at the time he executed the joinder.

s.  Steven Bennett testified in his two (2) depositions, and at the evidentiary hearing, that Fence was paid no consideration to join the bankruptcy.

t.  There has been no evidence produced to show that Fence Factory or Steven Bennett ever received any consideration for agreeing to join the involuntary petition.

u.  Wolverine paid for an attorney for Fence Factory.  The attorney had previously represented a Wolverine insider.  He had never previously represented Fence Factory.

v.  In March of 2023, Wolverine sent subpoenas to 102 entities.

w.  Process servers served 30 of the subpoenas on the Kings themselves, despite the fact that insider creditors could not count toward the necessary 12 creditors.

x.  The subpoenas were served on recipients before service on counsel for the Kings.

y.  Wolverine withdrew more than half of the March 2023 subpoenas and limited the remaining ones to issues concerning billing and payment by the Kings.

z.  .No document received from the March 2023 subpoenas was used as a trial exhibit by Wolverine.

aa. In September of 2023, Wolverine sent 155 subpoenas.   All corporate documents, including complete general ledgers were demanded from numerous entities, most of whom were not on the alleged creditor list..

bb. The September 2023 subpoenas were served on recipients before service on counsel for the Kings.

cc. .No document received from the September 2023 subpoenas was used as a trial exhibit by Wolverine.

dd. Wolverine then sent a third batch of subpoenas.  This time, 40 subpoenas were sent. Included in this list were various entities not on the creditor list, as well as various entities that have already responded (to the March subpoenas).  All the subpoenas sought

4

information far beyond anything which might lead to pertinent information for the coming evidentiary hearing.

ee. The third round of subpoenas were served on recipients before service on counsel for the Kings.

ff. Wolverine did not provide the responsive documents from the third round of subpoenas to the alleged debtors.

gg. No document received from the third round of subpoenas was used as a trial exhibit by Wolverine.

hh. In the eventual pretrial stipulation (Docket 168), Wolverine identified a single exhibit to be admitted at trial. This exhibit is a public record document that needed no subpoena to obtain.

ii. On August 17, 2023, Wolverine served John King with at least 46 Interrogatories (counting subparts) in this case. John King replied timely on September 18, 2023.

jj. On May 24, 2024, Wolverine served John King with at least 16 Interrogatories (counting subparts) in this case. John King replied timely on June 24, 2024.

kk. On May 20, 2024, Wolverine served John King with at least 22 Interrogatories (counting subparts) in this case. John King replied timely on June 24, 2024

ll. On September 29, 2025, Wolverine served John King with at least 24 Interrogatories (counting subparts) in this case. John King replied timely on October 28, 2025.

mm. In February 2023, Wolverine served John King with 7 Requests for Admissions in this case. John King replied timely on March 22, 2023.

nn. On August 17, 2023, Wolverine served John King with 86 Requests for Admissions in this case. John King replied timely on September 23, 2023.

oo. On May 20, 2024, Wolverine served John King with 34 Requests for Admissions in this case. John King replied timely on June 18, 2024.

5

pp. On August 17, 2023, Wolverine served John King with 245 Requests for Production of Documents in this case. John King replied timely on September 18, 2023. John King supplemented his response on June 25, 2024.

qq. Fence Factory did not propound any subpoenas or discovery on any party since the trial in this matter on October 3, 2023.

rr. Fence Factory did not file a single Motion, did not issue a single subpoena, did not take a single deposition, and did not issue a single discovery request to the Debtor or any other party involved in this case, except a Motion to withdraw its joinder.

ss. On May 24, 2024, Wolverine served John King with 10 Requests for Production of Documents in this case. John King replied timely on June 24, 2023.

tt. On September 29, 2025, Wolverine served John King with 26 Requests for Production of Documents in this case. John King replied timely on October 28, 2025.

uu. On or about October 15, 2025, Wolverine Subpoenaed from Beall & Burkhardt, APC --- Categories of Documents in this case. Beall & Burkhardt, APC replied timely on November 14, 2025.

vv. Wolverine took the deposition of John King in this case on July 17, 2024.

2   The following issues of fact, and no others, remain to be litigated.

a. The amount of fees and costs by the dismissed debtor on and after February 1, 2026.

b. Wolverine's purpose in filing the involuntary petition.

c. Fence Factory's purpose in joining the involuntary petition.

d. Whether as of the Petition Date, Fence Factory held a noncontingent liquidated claim against King Ventures of $44.55 based on an invoice dated August 19, 2022. That amount is not contingent as to liability or the subject of a bona fide dispute as to liability or amount.

e. Whether the Fence Factory account was always paid current.

6

f.   Whether Wolverine hired counsel for Fence Factory in this matter.

g.   Whether the Dismissed Debtor's fees should appropriately be adjusted to a higher hourly rate based upon Wolverine's Superior Court position.

h.   Whether Wolverine filed a Motion with the Superior Court seeking to increase its judgment by $1,127,511.04 for the fees and costs in pursuing the Kings since it purchased the judgment.

i.   Whether in the Superior Court pleading, Wolverine requested that Brett Ramsaur be compensated at $839.00 per hour and Casey Donoyan be compensated at $1141 per hour for their services in these involuntary cases.

j.   Whether in the Superior Court pleading, Wolverine has taken the position that an attorney with at least 20 years of experience is entitled to be compensated at $1141 per hour.

k.   Whether on June 25, 2024, John King was informed by the president of Monterey County Bank that despite its hope that their relationship could continue into the future, it could not participate in a grant option with an LLC in which John King had ownership, due to "the pending bankruptcy, and Wolverine's multiple calls and aggressive behavior" towards the bank. The president, Mr. Chrietzberg, stated that the bank could not afford to risk Wolverine's implied litigation.

l.   Whether prior to the involuntary filing, Wolverine had done extensive discovery. It had obtained documents by subpoenaing 18 other parties, either the King's lenders and their banks. It had levied on their Social Security Accounts, despite the fact that they were and are exempt. Mr. King had had three separate examinations under oath, on February 17, 2022 (6 ½ hours); February 25, 2022 (6 ½ hours) and March 22, 2022, (5 ½ hours). The King's entire general ledger had been produced in discovery. The general ledger is a granular statement of all financial transaction of the subject.

m. Whether prior to the filing of the involuntary petitions, Wolverine or its assignor had taken steps to record an abstract of judgment and further had created a. "ORAP" lien based upon noticing a Judgment Debtor Exam.

n. Whether on May 29, 2023, Counsel for John and Carole King sent to counsel for all petitioning creditors, without need for any formal discovery, invoices and proofs of payment for over 40 creditors which had been listed as creditors of John and Carole King in their motions to dismiss.

o. Whether the March 2023 subpoenas sought broad disclosure about various issues, mostly irrelevant to the issue of whether the involuntary case could stand.

p. Whether process servers served 30 of the March 2023 subpoenas on the Kings themselves, despite the fact that insider creditors could not count toward the necessary 12 creditors.

q. Whether Wolverine provided the responsive documents from the March 2023 subpoenas to the alleged debtors.

r. Whether all communications (not time limited) between the subpoena recipient and not only the alleged Debtors but also with 91 other entities was another common demand in the September 2023 subpoenas.

s. Whether the March 2023 subpoenas sought broad disclosure about various issues, mostly irrelevant to the issue of whether the involuntary case could stand

t. Whether. in September 2025, Wolverine sent another 48 subpoenas.

u. Whether Wolverine provided the responsive documents from the September 2025 subpoenas to the dismissed debtor.

8

3   The following issues of law, and no others, remain to be litigated.

   a. If the Court awards fees and costs, whether creditors should be held jointly and severally liable, or whether the Court should assess damages to each petitioning creditor in relation to their conduct.

   b. Whether filing a case knowing the petition cannot stand is bad faith. Dismissed Debtor's authority is  In re Laroche, 969 F. 2d 1299 (1st Cir. 1992), Atlas Mach & Iron Works, Inc. v. Bethlehem Steel Corp., 986 F. 2d 709, 714-716 (4th Cir. 1993). Petitioning Creditor's authority is _____.

   c. Whether a case filed with ill will, malice, or with the intention to embarrass or harass the debtor is filed in bad faith. Dismissed Debtor's authority is In re Forever Green Athletic Fields, Inc., 804 F. 3d 328, 336 (3rd Cir. 2015), Subway Equip. Leasing Corp. v. Sims, 994 F. 2d 210, 222 (5th Cir. 1993).  Petitioning Creditor's authority is _____.

   d. Whether failure of the petitioning creditor's to investigate the pertinent 303 facts is bad faith.  Dismissed Debtor's authority is  In re Walden, 781 F. 2d 1121, 1122 (5th Cir. 1986); In re Reveley, 148 B.R. 398, 408 (Bkr. S.D.N.Y. 1992).  Petitioning Creditor's authority is _____

   e. Whether filing the case as part of litigation strategy is bad faith.   Dismissed Debtor's authority is  In re Forever Green Athletic Fields, Inc., 804 F. 3d 328, 336 (3rd Cir. 2015); Subway Equip. Leasing Corp. v. Sims, 994 F. 2d 210 (5th Cir. 1993).   Petitioning Creditor's authority is _____

4. Attached is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only. The parties have exchanged copies of all exhibits.

   A.   Dismissed Debtor's Exhibits:

      a.   Spreadsheet showing fees incurred

9

  b. Billing Statements previous attached: Exhibit A to Docket 245; Exhibit A to Docket 272; Exhibit A to Docket 342; Exhibit A to Docket 361.

  c. Notice of Motion and Motion for Attorney's Fees and Costs (portion) attached as Exhibit B to Docket 361.

  d. Declaration of K. Todd Curry in Support of Motion for Attorney's Fees and Costs (portion) attached as Exhibit C to Docket 361.

  e. Declaration of Myron Moskowitz in Support of Motion for Attorney's Fees and Costs (portion) attached as Exhibit E to Docket 361.

  f. Declaration of Brett H. Ramsaur in Support of Motion for Attorney's Fees and Costs (portion) attached as Exhibit F to Docket 361.

  g. Letter from Charles Chrietzberg to John King attached as Exhibit B to Docket 342.

  h. Decision in Case No. A165362 (East West Bank v. King and Akro).

  i. Excerpt from deposition of Steven Bennett attached as Exhibit C to Docket 245.

  j. Email Beall to Ramsaur, Leo, Gauthier and Katz dated 5/29/23 together with attachment.

  k. Email from Donoyan to Beall dated 9/24/25 and list of Subpoenas.

  l. Illustrative subpoena 3/31/23 to American Riviera Bank.

  m. Illustrative subpoena 3/31/23 to Apple Farm.

  n. Illustrative subpoena 8/25/23 to Distinctive Resorts.

B. <u>Wolverine's Exhibits</u>

1. Judgment in the amount of $5,434,547.68 entered in East West Bank v. John E. King, et al. San Francisco Superior Court Case No. CGC-10-505989 on 09/14/2011 (the "EWB Judgment").
2. Renewal of EWB Judgment dated 6/21/2021.
3. Assignment of EWB Judgment to Wolverine.
4. Order Staying Enforcement of EWB Judgment (San Francisco).
5. John King Personal Financial Statement dated 12/31/2021
6. General Ledger dated 12/31/2021
7. Supplemental General Ledger dated 7/31/2024

10

8. John King's Motion to Dismiss [Doc. No. 25].
9. Carole King's Motion to Dismiss filed in BK Case No. 9:22-bk-10673-RC ("Carole's Case").
10. Carole King's Responses to Requests for Admission dated 9/18/2023.
11. Motion to Quash [Doc. No. 112].
12. Joinder to Motion to Quash [Doc No. 116].
13. Notice of Joinder to Motion to Quash [Doc. No. 121].
14. Notice of Joinder to Motion to Quash [Doc. No. 122].
15. Notice of Withdrawal of Subpoenas [Doc. No. 124].
16. Motion to Quash [Doc. No. 141].
17. Notice of Joinder to Motion to Quash [Doc. No. 143].
18. Notice of Joinder to Motion to Quash [Doc. No. 163].
19. Opposition to Motion to Quash [Doc. No. 167].
20. Declaration of Anthony O'Neill [Doc. No. 173].
21. Order on Alleged Debtors Motion to Quash [Doc. No. 185].
22. Order on Motion to Dismiss Involuntary Petition [Doc. No. 207].
23. Opposition to Motion for Damages [Doc. No. 252]
24. Carole King's Motion for Damages [Doc. No. 170 in Carole's Case].
25. Motion to Approve Compromise [Doc. No. 264].
26. Memo of Points and Authorities in Support of Motion for Damages [Doc. No. 268].
27. Supplemental Declaration of John E. King [Doc. No. 270].
28. Opposition to Motion for Damages [Doc. No. 275].
29. Declaration of Anthony O'Neill [Doc. No. 276].
30. Opposition to Memo of Points and Authorities in Support of Motion for Damages [Doc. No. 278].
31. BAP Opinion [Doc. No. 306].
32. BAP Order Dismissing Appeal [Doc. No. 307].
33. Motion to Approve Compromise [Doc. No. 308].
34. Order Approving Motion to Compromise [Doc. No. 321].
35. Order Approving Motion to Compromise [Doc. No. 322].
36. Motion to Approve Stipulation to Dismiss Case [Doc. No. 334].
37. Order Approving Motion to Approve Stipulation to Dismiss Case [Doc. No. 340].
38. Opposition to Motion for Damages [Doc. No. 346].
39. John King's Responses to Requests for Production of Documents.
40. King Marriage Certificate.
41. Stipulation by and Between Wolverine and Rosendo Gonzalez [Doc. No. 359].
42. Supplemental Opposition to Motion for Damages [Doc. No. 360].
43. Application for Appointment of Guardian ad Litem filed in SLO County Superior Court bearing case no. 21cv-0708 (the "SLO GAL App").
44. Order Granting SLO GAL App.
45. Civil RICO Complaint ("RICO Complaint") filed in CA Central District Courtbearing case no. 2:25-cv-11946 (the "RICO Case").
46. Motion for the Appointment of a Guardian ad Litem in the RICO Case (the "RICO GAL App").
47. Order approving the RICO GAL App.
48. Subpoena duces Tecum to Monterey County Bank ("MCB SDT").
49. Responses by Monterey County Bank to MCB SDT.
50. Subpoena duces Tecum to Beall & Burkhardt ("BB SDT").

51. Responses by Beall & Burkhardt to BB SDT.
52. Subpoena duces Tecum to Glick Haupt Marino ("GHM SDT").
53. Responses by Glick Haupt Marino to GHMSDT.
54. Transcript of Judgment Debtor Exam of John E. King – 02/17/2022
55. Transcript of Judgment Debtor Exam of John E. King – 02/25/2022
56. Transcript of Judgment Debtor Exam of John E. King – 03/22/2022
57. Transcript of Judgment Debtor Exam of John E. King – 08/24/2024
58. Transcript of Examination of John G. King – 08/29/2024
59. Transcript of Examination of Terri Reay – 09/19/2024
60. Transcript of Evidentiary Hearing on 10/3/2023
61. Transcript of Deposition of John E. King on 7/17/2024
62. Transcript of Evidentiary Hearing in Carole's Case on 3/19/2025
63. Carole King's Durable Power of Attorney
64. CA Appellate Court Opinion A165362
65. CA Appellate Court Opinion A165977

5. Attached is a list of witnesses intended to be offered at the trial by each party. All direct testimony has been done by declaration. The parties desire to cross-examine the following witnesses: _____.

<u>Dismissed Debtor's Declarations</u>:

Declaration of William C. Beall attached to Docket 245, pp. 19-23.

Declaration of John E. King attached to Docket 245, p. 24

Declaration of William C. Beall attached to Docket 255, pp. 13-14

Declaration of John E. King attached to Docket 270, pp. 1-3

Declaration of Stephen W. Tulcus attached to Docket 271, pp. 1-2

Declaration of William C. Beall attached to Docket 272, pp. 1-6

Declaration of William C. Beall attached to Docket 342, p.8

Declaration of John E. King attached to Docket 342, p 9

Declaration of William C. Beall attached to Docket 361, pp.9-10

<u>Wolverine's Declarations</u>:

Declaration of Anthony O'Neill [Doc. No. 173].

Declaration of Anthony O'Neill [Doc. No. 276].

<u>Wolverine's Witnesses</u>:

Anthony O'Neill

John G. King

Carole D. King

Mimi Lyons

Charles Chrietzberg

Terri Reay

6. Other matters that might affect the trial such as anticipated motions in limine, motions to withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial motions: None.

7. All discovery is complete.

8. The parties are ready for trial.

9. The estimated length of trial is one day.

The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice.

# # #

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 445 S. Figueroa Street, 18th Floor, Los Angeles, California 90071.

A true and correct copy of the foregoing document entitled *(specify)* **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE RENEWED MOTION FOR DAMAGES PURSUANT TO 11 U.S.C. 303(i)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 27, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William C Beall**    Will@BeallandBurkhardt.com, carissa@beallandburkhardt.com
- **Casey Z Donoyan**    cdonoyan@lakklawyers.com, ncondren@lakklawyers.com
- **Jon F Gauthier**    jgauthier@ftblaw.com, jrobinson@ftblaw.com
- **Hal D Goldflam**    hgoldflam@frandzel.com, sking@frandzel.com,autodocket@frandzel.com
- **Karen L Grant**    kgrant@silcom.com
- **Michael Haupt**    michael@ghmlaw.com
- **Carissa N Horowitz**    carissa@davidovichlaw.com, artyc@aol.com;castlesb@aol.com
- **Nicolino Iezza**    niezza@spiwakandiezza.com
- **Lior Katz**    lior@katzlaw.com
- **Thomas Scott Leo**    sleo@leolawpc.com, paralegal@leolawpc.com
- **Ashley Neglia**    ashley.neglia@eastwestbank.com
- **Teresa L Polk**    tp@smtdlaw.com, svargas@smtdlaw.com
- **Paul F Ready**    becky@farmerandready.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
- **Gerrick Warrington**    gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

**2. SERVED BY UNITED STATES MAIL:**
On **February 27, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Paul Metchik, Attorney at Law, 1316 Broad St., San Luis Obispo, CA 93401

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/27/2026 | Casey Z. Donoyan | /s/ Donoyan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    F 9013-3.1.PROOF.SERVICE