LUCHETTA LAW PC
Shae Luchetta, SBN 172462
755 Santa Rosa Street, Suite 300
San Luis Obispo, CA 93401
(805) 548-0770
Email: shae@luchettalaw.com

Attorneys for Assignee AKRO
Real Estate Partners, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

In re

JOHN E. KING,

Debtor.

**Bk. Case No. 9:22-BK-10674-RC**

**NOTICE OF LIEN**

TO ALL INTERESTED PARTIES:

Please take notice that AKRO Real Estate Partners, LLC files it's Notice of Lien attached hereto.

Dated: April 2, 2026

LUCHETTA LAW PC

By: _____

Shae Luchetta
Attorneys for Assignee AKRO
Real Estate Partners, LLC

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: <br> Shae luchetta California <br> Luchetta Law PC <br> 755 Santa Rosa Street, Suite 300 <br> San Luis Obispo, California 93401 <br><br> ATTORNEY FOR LIEN CLAIMANT: AKRO Real Estate Partners, LLC | TELEPHONE NO.: <br> 805-548-0770 | *FOR COURT USE ONLY* |
|---|---|---|
| NAME OF COURT: United State Bankruptcy Court <br> STREET ADDRESS: 1415 State Street <br> MAILING ADDRESS: 1415 State Street <br> CITY AND ZIP CODE: Santa Barbara, CA 93101 <br> BRANCH NAME: Northern | | |
| PLAINTIFF: In re John E. King, Alleged Debtor <br><br> DEFENDANT: | | |
| **NOTICE OF LIEN** <br> (Attachment—Enforcement of Judgment) | | CASE NUMBER: <br> Bk. Case No. 9:22-BK-10674-RC |

## ALL PARTIES IN THIS ACTION ARE NOTIFIED THAT

1. A lien is created by this notice under
   a. ☐ Article 3 (commencing with section 491.410) of Chapter 11 of Title 6.5 of Part 2 of the Code of Civil Procedure.
   b. ☒ Article 5 (commencing with section 708.410) of Chapter 6 of Title 9 of Part 2 of the Code of Civil Procedure.
2. The lien is based on a
   a. ☐ right to attach order and an order permitting the creation of a lien (copies attached).
   b. ☒ money judgment.

3. The right to attach order or the money judgment is entered in the following action:
   a. Title of court *(specify)*: U.S. District Court, Central District of California
   b. Name of case *(specify)*: Textron Financial Corporation v. Spanish Springs II, LLC, et al.
   c. Number of case *(specify)*: CV09-01205 JFW (PJWx)
   d. ☒ Date of entry of judgment *(specify)*: January 19, 2010 (As Amended)
   e. ☒ Dates of renewal of judgment *(specify)*: January 8, 2020

4. The name and address of the judgment creditor or person who obtained the right to attach order are *(specify)*:
   Assignee Judgment Creditor AKRO Real Estate Partners, LLC c/o Luchetta Law PC, 755 Santa Rosa St., Ste 300, SLO, CA 93401

5. The name and last known address of the judgment debtor or person whose property is subject to the right to attach order are *(specify)*:
   John E. King, Carol D. King, 1925 Sydney St., SLO, CA 93401, Spanish Springs II, LLC, 285 Bridge St., SLO, CA 93401

6. The amount required to satisfy the judgment creditor's money judgment or to secure the amount to be secured by the attachment at the time this notice of lien is filed is
   $ 876,155.23

7. The lien created by this notice attaches to any cause of action of the person named in item 5 that is the subject of this action or proceeding and to that person's rights to money or property under any judgment subsequently procured in this action or proceeding.

8. No compromise, dismissal, settlement, or satisfaction of this action or proceeding or any of the rights of the person named in item 5 to money or property under any judgment procured in this action or proceeding may be entered into by or on behalf of that person, and that person may not enforce any rights to money or property under any judgment procured in this action or proceeding by a writ or otherwise, unless one of the following requirements is satisfied:

   a. the prior approval by order of the court in this action or proceeding has been obtained;
   b. the written consent of the person named in item 4 has been obtained or that person has released the lien; or
   c. the money judgment of the person named in item 4 has been satisfied.

---

**NOTICE   The person named in item 5 may claim an exemption for all or any portion of the money or property within 30 days after receiving notice of the creation of the lien. The exemption is waived if it is not claimed in time.**

---

Date:  March 25, 2026

Shae Luchetta
................................................
*(TYPE OR PRINT NAME)*

▶ *Shae Luchetta*
_____
*(SIGNATURE OF LIEN CLAIMANT OR ATTORNEY)*

Form Approved by the
Judicial Council of California
AT-180, EJ-185 [New January 1, 1985]

**NOTICE OF LIEN**
(Attachment—Enforcement of Judgment)

CCP 491.410, 708.410

## ATTACHMENT 5

Spanish Springs II, LLC
285 Bridge Street
San Luis Obispo, CA 93401

JOHN E. KING
1925 Sydney Street
San Luis Obispo, CA 93401

CAROLE KING
1925 Sydney Street
San Luis Obispo, CA 93401

**JULIE RODEWALD**
San Luis Obispo County — Clerk/Recorder

MVELARDE
2/03/2010
11:50 AM

Recorded at the request of
**Public**

Recording Requested By
&
When Recorded Return To:

Kristy Young, Sheppard Mullin Richter & Hampton

Four Embarcadero Center, 17th Floor

San Francisco, CA  94111

DOC#:   **2010005528**

| | Titles: 1 | Pages: | **2** |
|---|---|---|---|
| Fees | | | 17.00 |
| Taxes | | | 0.00 |
| Others | | | 20.00 |
| PAID | | | $37.00 |

Lien notice mailed to debtor at
address shown per Government
Code 27297.5

ABSTRACT OF JUDGMENT

**DOCUMENT TITLE**

Exhibit A

*WHEN RECORDED MAIL TO:*

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center - 17th Floor
San Francisco, CA 94111
Attn: Steven B. Sacks

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION <br><br> PLAINTIFF(S), <br> v. <br> SPANISH SPRINGS II, LLC; JOHN E. KING & CAROLE KING <br><br> DEFENDANT(S). | CASE NUMBER: <br><br> CV09-01205 JFW (PJWx) <br><br><br> ABSTRACT OF JUDGMENT/ORDER |

I certify that in the above-entitled action and Court, Judgment/Order was entered on  January 19, 2010

in favor of  Plaintiff Textron Financial Corporation   whose address is c/o Steven B. Sacks, Sheppard Mullin

Richter & Hampton, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111

and against  Defendants John E. King and Carole King   whose last known address is

285 Bridge Street, San Luis Obispo, CA 93401

for $3,706,557.14 Principal, $285,943.19 Interest to November 30, 2009, $26,826.74 Interest from December
1, 2009 to the date of entry of judgment on the principal amount at the daily rate of $925.06, $293,625.02 Other
Charges, and costs, attorneys' fees and expenses to be determined.

ATTESTED this ___ day of January, 2010

Judgment debtor's driver's license no. and state; _____  ☒ Unknown.

John E. King XXX-XX-7257

Judgment debtor's Social Security number;  Carole King XXX-XX-7208 _____  ☐ Unknown.

☒ No stay of enforcement ordered by Court

☐ Stay of enforcement ordered by Court, stay date ends _____

Judgment debtor's attorney's name and address and/or address at which summons was served:

Thomas G. Foley, Jr.

Foley Bezek Behle & Curtis, LLP

15 West Carrillo Street

Santa Barbara, CA 93101

CLERK, U. S. DISTRICT COURT

By _____
              Deputy Clerk

**NOTE:   JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE
DISTRICT OF ORIGIN AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.**

| | | |
|---|---|---|
| G-18 (06/01) | ABSTRACT OF JUDGMENT/ORDER | American LegalNet, Inc. <br> www.FormsWorkflow.com |

END OF DOCUMENT

Exhibit A

Paul G. Metchik, Cal Bar No. 84437
1316 Broad Street
San Luis Obispo, CA 93401
Telephone: 805-783-2450
Facsimile: 805-783-2451
Paul@metchiklaw.com

Attorneys for Assignee Judgment Creditor
ORKA Real Estate Partners LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SPANISH SPRINGS II, LLC, et al.,<br><br>Defendants.<br><br>─────────────────────<br><br>SPANISH SPRINGS II, LLC, et al.,<br><br>Counterclaimants,<br><br>v.<br><br>TEXTRON FINANCIAL CORPORATION,<br><br>Counterdefendant. | CASE NO. CV09-01205 JFW (PJWx)<br><br>[~~PROPOSED~~] RENEWAL OF JUDGMENT<br><br>[NO HEARING SCHEDULED] |

Judgment Debtors, JOHN E. KING and CAROLE D KING (hereinafter referred to as "DEBTORS") having had Judgment entered against DEBTORS on January 19, 2010.

NOW, upon application of Assignee Judgment Creditor, ORKA REAL ESTATE PARTNERS LLC, a California limited liability company (hereinafter referred to as "JUDGMENT CREDITOR"), and upon declaration that DEBTORS have failed to pay the total amount of said Judgment and is indebted to JUDGMENT CREDITOR.

- 1 -
[PROPOSED] RENEWAL OF JUDGMENT

Exhibit B

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Judgment against the DEBTORS be renewed as follows:

Renewal of Money Judgment:

a.  Total judgment: $4,286,125.34 plus interest from December 1, 2009 through date of entry of judgment (i.e. January 19, 2010) at the rate of $925.06 per day for a total additional amount of $45,327.94, as modified to include an award of attorneys' fees and costs in the amount of $321,620.94 by order of April 5, 2010.

b.  Costs after Judgment: $0.00

c.  Interest after Judgment computed from January 19, 2010 through December 16, 2019 at .35% per annum: $40,107.69

d.  Less credits after Judgment: $3,550,000.00

e.  Total Renewed Judgment: $1,143,181.43

DATED: January 8, 2020

_CLERK OF THE COURT_
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Presented by:

Paul G. Metchik, Attorney for Assignee Judgment Creditor, ORKA Real Estate Partners LLC, a California limited liability company

- 2 -
[PROPOSED] RENEWAL OF JUDGMENT

Exhibit B

*OSHL-155574*

## AGREEMENT REGARDING ASSIGNMENT OF RIGHTS AND OBLIGATIONS UNDER SATISFACTION AGREEMENT AND JUDGMENTS

THIS AGREEMENT REGARDING ASSIGNMENT OF RIGHTS AND OBLIGATIONS UNDER SATISFACTION AGREEMENT AND JUDGMENTS, dated December 31, 2015 for reference purposes only, is made and entered into at San Luis Obispo, California, by and between **Textron Financial Corporation**, a Delaware corporation, ("TFC" or "Assignor"), and **ORKA Real Estate Partners LLC**, a California limited liability company, ("Assignee," and collectively with Assignor, the "Parties").

### RECITALS

WHEREAS, a judgment in the sum of $11,434,204.55 was entered on December 29, 2009, in favor of Assignor against certain defendants (the "Vaquero Defendants") in the case of TEXTRON FINANCIAL CORPORATION v. VAQUERO DE LOS ROBLES, LLC; JOHN E. KING, CAROLE KING & JOHN G. KING, case number CV09-1204 JFW (PJWx), filed in the United States District Court, Central District of California, as modified to include an award of attorneys' fee and costs in the amount of $351,145.94 by order of April 5, 2010, as evidenced by that certain ABSTRACT OF JUDGMENT/ORDER (hereinafter "Vaquero Judgment"), a complete copy of which judgment and abstract is attached hereto as Exhibit "A" and incorporated by reference;

WHEREAS, a judgment in the sum of $4,286,125.34, was entered on January 10, 2010 in favor of Assignor against certain defendants (the "Spanish Spring Defendants") in the case of TEXTRON FINANCIAL CORPORATION v. SPANISH SPRINGS II LLC; JOHN E. KING & CAROLE KING, case number CV09-1205 JFW (PJWx), filed in the United States District Court, Central District of California, as modified to include an award of attorneys' fee and costs in the amount of $321,620.94 by order of April 5, 2010, as evidenced by that certain ABSTRACT OF JUDGMENT/ORDER, (hereinafter "Spanish Springs Judgment"), a complete copy of which judgment and abstract is attached hereto as Exhibit "B" and incorporated by reference;

WHEREAS, Assignor has recorded abstracts of the Vaquero Judgment and the Spanish Springs Judgment in the following counties in California and in the States of Texas and Hawaii:

San Luis Obispo filed on February 3, 2010 as Instrument Number 2010005529 and 2010005528.

San Francisco filed on March 2, 2010 as Instrument Numbers 20101933699, and 2010 1933700.

Hawaii Bureau of Conveyances filed on February 4, 2010 as Instrument Number 2010-016360 and 2010-013389.

Travis County, Texas filed on January 28, 2010 as Instrument Number 2010012910.

Page 1 of 9

Exhibit C

Santa Barbara filed on January 29, 2010 as Instrument Number 2010-0004950 and 2010-0004949;

WHEREAS, On April 16, 2010, Assignor filed a Notice of Judgment Lien with the California Secretary of State with regard to both the Vaquero Judgment and the Spanish Springs Judgment;

WHEREAS, Assignor, on the one hand, and the Vaquero Defendants and the Spanish Springs Defendants, on the other, entered into an Agreement for Satisfaction of Judgments and Release, dated December 22, 2010 (hereinafter the "Satisfaction Agreement"), a complete copy of which is attached hereto as Exhibit "C" and incorporated by reference;

WHEREAS, in further enforcement of the Vaquero Judgment, Assignor obtained charging orders, dated July 27, 2010 and February 28, 2011, against certain interests of the Vaquero Defendants and the Spanish Springs Defendants, copies of such charging orders being attached hereto as Exhibit "D" and incorporated by reference, and at subsequent dates obtained additional charging orders against other interests of these Defendants;

WHEREAS, as additional security for its obligations under the Satisfaction Agreement, Assignor filed a UCC-1 Financing Statement on March 1, 2011 with respect to certain property of John E. King, which is subject to renewal on or before March 1, 2016;

WHEREAS, as additional security for its obligations under the Satisfaction Agreement Vaquero and Spanish Springs Defendants John E. King and Carole D. King have pledged and delivered to Assignor, pursuant to that certain Pledge and Security Agreement, a copy of which is attached as Exhibit "E," regarding, among other security, shares of stock in the following corporations:

    (i)     Apple Farm Collections-SLO, Inc., a California corporation
    (ii)    SMS Resorts, Inc., a California corporation
    (iii)   Avila Hot Springs, Inc., a California corporation
    (iv)   Boutique Hotel Collection, Inc., a California corporation
collectively, the "Pledged Shares;"

WHEREAS, on or about January 18, 2013, Assignor acknowledged that John G. King had satisfied any liability he had on account of the Vaquero Judgment and/or the Satisfaction Agreement in full; and

WHEREAS, Assignor has agreed to assign to Assignee all of its right, title, and interest, in and to the Satisfaction Agreement, Vaquero Judgment, and Spanish Springs Judgment, subject to Assignee assuming all remaining executory obligations thereunder, and Assignee has agreed to assume the rights and obligations under the Satisfaction Agreement, Vaquero Judgment, and Spanish Springs Judgment, all in accordance with the terms and conditions of this Agreement.

TFC000911

Exhibit C

NOW, THEREFORE, with reference to the foregoing recitals, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT

1. ASSIGNMENT. Concurrently with the mutual execution and delivery of this Agreement, Assignor shall execute, acknowledged in recordable form, if applicable, and deliver to Assignee the following documents:

    (i)    Assignment and Assumption of Judgment (the "Assignment and Assumption");

    (ii)    Assignment of Judgment and Acknowledgment of Assignment- Case # CV09-01204 JFW (PJWx); and

    (iii)    Assignment of Judgment and Acknowledgment of Assignment – Case # CV09-01205 JFW (PJWx)

all in the forms attached as Exhibits "F", "G" and "H" respectively, and incorporated herein by this reference.

2. ASSIGNMENT. Concurrently with the mutual execution and delivery of this Agreement, Assignee shall execute and deliver to Assignor the "Assumption" contained in the Assignment and Assumption.

3. PURCHASE PRICE. In consideration for the assignment of (i) the Satisfaction Agreement, (ii) Vaquero Judgment, and (iii) Spanish Springs Judgment, Assignee agrees to pay to Assignor concurrently with the mutual execution and delivery of this Agreement and the documents specified in paragraph 1, immediately available funds and in lawful money of the United States of America, the total sum of **SIX HUNDRED THOUSAND & 00/100 DOLLARS ($600,000.00)**.

4. DELIVERY OF PLEDGED SHARES. Concurrently with the mutual execution and delivery of this Agreement, Assignor shall deliver to Assignee the Pledged Shares along with the originals of any Pledge Agreements with regard to those shares.

5. EFFECTIVE DATE. The "Effective Date" of this Agreement shall be the date upon which the last of the following shall have occurred: (i) Assignor and Assignee have exchanged signatures to this Agreement and (ii) Assignee shall have wired the consideration to Assignor provided for in paragraph 3 above. Assignee agrees that it shall wire the payment to Assignor in immediately available funds on the day signature pages are exchanged.

6. ASSIGNOR REPRESENTATIONS AND WARRANTIES. Assignor makes the following representations and warranties to Assignee:

TFC000912

Exhibit C

a. Assignor is the sole party in whose favor the Vaquero Judgment and Spanish Springs Judgment were entered.

b. As of the Effective Date, the only credits known to Assignor against payment of the Satisfaction Agreement, the Vaquero Judgment or the Spanish Springs Judgment are as follows:

    i. $3,500,000 arising from the Credit Bid made on February 25, 2010 at the foreclosure sale of property relating to the Vaquero Judgment;

    ii. $3,500,000 arising from the Credit Bid made on February 25, 2010 at the foreclosure sale of property relating to the Spanish Springs Judgment;

    iii. $1,000,000.00 payment on or about December 31, 2010;

    iv. $1,000,000.00 payment on or about December 31, 2011;

    v. $1,000,000.00 payment on or about December 31, 2012;

    vi. $300,000.00 payment on or about December 31, 2013; and

    vii. $100,000.00 payment on or about December 31, 2014.

c. As of the Effective Date, Assignor (i) is the owner of all right, title and interest in and to the Satisfaction Agreement, Vaquero Judgment, and Spanish Springs Judgment; and (ii) has not previously sold, assigned, transferred hypothecated, pledged or in any manner transferred its rights under the Satisfaction Agreement, Vaquero Judgment, or Spanish Springs Judgment, in whole or in part, to any party.

d. Assignor is unaware of any claims that the Vaquero Judgment and the Spanish Judgment are not fully enforceable, other than with regard to the effect of the Satisfaction Agreement.

7.   OTHER AGREEMENTS. Assignor does not represent, guarantee or warrant (1) that it has taken any actions to preserve, secure or renew its rights under the Satisfaction Agreement, the Vaquero Judgment, or the Spanish Springs judgment, or that any actions it has taken have been effective; (2) that the Satisfaction Agreement, the Vaquero Judgment and/or the Spanish Springs Judgment are enforceable, collectible, or free from defenses that may be asserted thereto; (3) that the obligations under the Satisfaction Agreement, the Vaquero Judgment, and/or the Spanish Springs Judgment are partially or fully secured by any or all collateral held by Assignor, or that Assignor has pursued or obtained all rights to information or collateral to which it may be entitled; and (4) that any liens arising from the Satisfaction Agreement, the Vaquero Judgment and/or the Spanish Springs Judgment are senior to other liens that existed or may exist on the property of the Vaquero Defendants or the Spanish Springs Defendants.

8.   REPRESENTATIONS AND WARRANTIES. Each party hereby represents and warrants to the other that, as of the Effective Date: (i) it has full power and authority and has taken all action necessary to execute and deliver this Agreement and to fulfill its obligations hereunder and to consummate the transactions contemplated hereby; (ii) the making and performance by it of this agreement does not and will not violate any law or regulation of the jurisdiction under which it is organized, any other law applicable to it or any other agreement to which it is a party or by which it is bound; (iii) this Agreement has been duly and validly

TFC000913

Exhibit C

authorized, executed and delivered by it and is legal, valid, binding and enforceable against it in accordance with its terms; (iv) no consent, approval, filing or corporate, partnership or other action is required as a condition to or in connection with execution, delivery and performance of this Agreement and the transactions contemplated herein; (v) except as set forth in this Agreement, neither it nor any of its agents or representatives has made any representation whatsoever to the other party regarding the condition of the Vaquero Defendants or the Spanish Springs Defendants (financial or otherwise) or any other matter relating to them or the rights being assigned hereunder. Except as specifically represented or warranted herein, Assignee takes the Satisfaction Agreement, Vaquero Judgment, and Spanish Springs Judgment as-is, where-is, and with all faults and defects. So long as its representations are true and its warranties, covenants, and agreements herein are satisfied, Assignor shall have no obligation to defend Assignee's rights with regard to the Satisfaction Agreement, Vaquero Judgment, or Spanish Springs Judgment, or to indemnify Assignee with regard to any losses, claims, damages, allegations, or other matters.

9. FURTHER ASSIGNMENT. Assignor hereby acknowledges that Assignee may at any time reassign any or all of the right, title and interest of Assignee in and to this Agreement, so long as any successors or assigns agree to indemnify Assignor as provided in paragraph 11 herein. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and any such reassignment, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns of any party hereto; provided, however, that the obligations of Assignor and Assignee contained herein shall continue and remain in full force and effect until fully performed and satisfied.

10. FURTHER ASSURANCES; ASSIGNOR'S DUTY OF COOPERATION. Subject to the other provisions of this Agreement, upon written request of Assignee, Assignor agrees to cooperate with Assignee and its designees, and to take all further actions and to execute all further documents, as may be necessary or required to document or effectuate the assignment to Assignee of all rights of Assignor in and to the Satisfaction Agreement, the Vaquero Judgment and the Spanish Springs Judgment, subject to payment by Assignee and/or its designees of Assignor's legal fees, costs and expenses incurred in doing so.

11. INDEMNIFICATION OF ASSIGNOR. Assignee and its successors and assigns agree to indemnify, defend and hold Assignor free and harmless from and against claims, losses, damages and liabilities, including, without limitation, reasonable legal fees and costs, arising out of a claim by the Vaquero Defendants, the Spanish Springs Defendants or any third party relating to the enforcement or other use by Assignee or any of its successors or assigns of the Vaquero Judgment, Spanish Springs Judgment or Satisfaction Agreement or any other security securing the same. In the event any claims are made that could lead to such losses, damages, or liabilities, Assignor shall have the right to be defended by counsel of its choosing at the expense of Assignee and its successors and assigns.

12. CONFIDENTIALITY. Unless and until Assignee files with the court the Assignment of Judgment and Acknowledgment of Assignment with regard to either the Vaquero Judgment or the Spanish Springs Judgment, the Parties expressly understand and agree that this Agreement and its contents (including, but not limited to, the fact of payment and the amounts to

TFC000914

Exhibit C

be paid hereunder) shall remain CONFIDENTIAL for a period of five years from the date of execution and shall not be disclosed (without prior permission of the other party) to any third party whatsoever, except the Parties' counsel, accountants, financial advisors, tax professionals retained by them, any federal, state, or local governmental taxing or regulatory authority, and the Parties' management, officers, and Board of Directors, and except as required by law or order of court. Any person identified in the preceding sentence to whom information concerning this Agreement is disclosed shall be informed of its confidentiality and agree to hold it in confidence. If any subpoena, order or discovery request (the "Document Request") is received by any of the Parties hereto calling for the production of the Agreement, such Party shall promptly notify the other Party hereto ten (10) business days prior to any disclosure of same. In such case, the subpoenaed Party shall: (a) make available as soon as practicable (and in any event prior to disclosure), for inspection and copying, a copy of the Agreement it intends to produce pursuant to the Document Request unless such disclosure is otherwise prohibited by law; and (b) and, to the extent possible, shall not produce anything in response to the Document Request for at least ten (10) business days following such notice. If necessary, the subpoenaed Party shall take appropriate actions to resist production, as permitted by law, so as to allow the Parties to try to reach agreement on what
shall be produced.

13. NO THIRD PARTY BENEFICIARIES. This Agreement is made and entered into for the protection and benefit of the Parties and their successors and assigns, and no other person or entity shall be a direct or indirect beneficiary of or have any direct or indirect cause of action or claim in connection with this Agreement, the Satisfaction Agreement, or the Vaquero and Spanish Springs Judgments.

14. DUE DILIGENCE. The Parties and each of them waive any and all due diligence with respect to this Agreement. In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law and the risk of their decision to waive due diligence. If the Parties, or any of them, should later discover that any fact they relied upon in entering this Agreement is not true, or that their understanding of the facts or law was incorrect, the Parties shall not be entitled to seek rescission of this Agreement by reason thereof. This Agreement is intended to be final and binding upon the Parties regardless of any mistake of fact or law.

15. JURISDICTION. The laws of the State of California shall govern this Agreement. Each party submits to the jurisdiction of the United States District Court for the Central District of California and agrees that any litigation relating to this Agreement shall be brought only in such court. Each party hereto consents to service of process by certified mail at its address listed herein in any action hereunder.

16. WAIVER OF JURY TRIAL. THE PARTIES HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT THAT THEY MAY HAVE TO TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION, OR IN ANY LEGAL PROCEEDING, DIRECTLY OR INDIRECTLY BASED UPON OR ARISING OUT OF THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT (WHETHER BASED ON CONTRACT, TORT, OR ANY OTHER THEORY). EACH PARTY (A) CERTIFIES THAT

TFC000915

Exhibit C

NO REPRESENTATIVE, AGENT OR ATTORNEY OF THE OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTY HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION. In the event that a court refuses to enforce the waiver of jury trial contained in herein, the parties hereby agree, pursuant to California Code of Civil Procedure Section 638, to the appointment of a referee to hear and determine any or all of the issues in such action or proceeding, whether of fact or law. The parties shall agree on the choice of a referee, or if unable to agree within 30 days then the court shall appoint the referee, who shall be either an active member of the State Bar of California, licensed to practice for at least 15 years, or a retired judge of the Superior Court of California or the United States District Court.

17. NOTICES. All demands, notices, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given when hand-delivered or duly deposited in the mails, by certified or registered mail, postage prepaid-return-receipt requested, or by reputable overnight delivery service to the addresses below, or such other address as may be furnished hereafter by notice in writing.

If to TFC:

> John Heinrichs
> Textron Financial Corporation
> Two Cessna Blvd., Suite 100
> Wichita, KS 67215-1423

With a copy to:

> Steven B. Sacks
> Sheppard Mullin Richter & Hampton LLP
> Four Embarcadero Center, 17th Floor
> San Francisco, CA 94111

If to the Assignee:

> Robin Rossi, Manager
> ORKA Real Estate Partners LLC
> 750 Pismo Street
> San Luis Obispo, CA 93401

With a copy to:

> Paul Metchik
> 1316 Broad Street
> San Luis Obispo, CA 93401

Page 7 of 9

TFC000916

Exhibit C

18. **UNDERSTANDING.** This Agreement, together with any exhibits hereto, constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof and supersedes all prior agreements, understandings or representations pertaining to the subject matter hereof, whether oral or written. There are no warranties, representations or other agreements between the parties in connection with the subject matter hereof except as specifically and expressly set forth herein. This Agreement may be signed in counterparts, each of which shall be an original and all of which taken together shall constitute one agreement. No amendment of any provision of this Agreement shall be effective unless it is in writing and signed by the parties and no waiver of any provision of this Agreement, nor consent to any departure by either party from it, shall be effective unless it is in writing and signed by the affected party, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

19. **SEVERABILITY.** If any provision of this Agreement shall be determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement shall not be affected thereby, and shall be valid and shall be enforced to the fullest extent permitted by law.

20. **SIGNATURES/COUNTERPARTS.** This Agreement may be executed in counterparts, including facsimile and PDF signatures, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument.

21. **ATTORNEYS' FEES.** If any action to enforce or interpret the terms of this Agreement is instituted by a Party, the prevailing party will be entitled to reasonable attorneys' fees, costs and other expenses, in addition to any other relief to which such party may be entitled. Notwithstanding the foregoing, if a party commences a lawsuit without participating in mediation, said party shall not be entitled to recover its attorneys' fees and costs. The good faith and voluntary participation in mediation shall be a condition precedent to any party's entitlement to attorneys' fees under this provision.

22. **LIMITED LIABILITY.** Notwithstanding anything contained in this Agreement to the contrary, the parties agree that except as specifically may be provided in writing (i) no member of Assignee shall be personally liable for any obligation or liability of Assignee under this Agreement; and (ii) all obligations and liabilities of Assignee under this Agreement are enforceable solely against Assignee and Assignee's assets and not against any assets of any member of Assignee.

**[SIGNATURES ON THE FOLLOWING PAGE]**

TFC000917

Exhibit C

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives effective as of this the 31st day of December, 2015

ASSIGNOR                                          ASSIGNEE

TEXTRON FINANCIAL CORPORATION          ORKA REAL ESTATE PARTNERS LLC

BY _____          BY: _____
NAME: _____           NAME: _____
TITLE: _____          TITLE: _____

EXHIBIT LIST

"A" – Vaquero Judgment

"B" – Spanish Springs Judgment

"C" – Agreement for Satisfaction of Judgments and Release, dated December 22, 2010

"D" – Charging Order

"E" – Pledge and Security Agreement

"F" – Assignment and Assumption

"G" – Assignment of Vaquero Judgment

"H" - Assignment of Spanish Springs Judgment

TFC000918

Exhibit C

## Exhibit "A"
to
## AGREEMENT REGARDING ASSIGNMENT OF RIGHTS AND OBLIGATIONS UNDER SATISFACTION AGREEMENT AND JUDGMENTS


## VAQUERO JUDGMENT

TFC000919

Exhibit C

SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
STEVEN B. SACKS. Cal. Bar No. 98875
ssacks@sheppardmullin.com
KRISTY E. YOUNG, Cal. Bar No. 260542
kyoung@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:   415-434-9100
Facsimile:    415-434-3947

Attorneys for Plaintiff
TEXTRON FINANCIAL CORPORATION

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VAQUERO DE LOS ROBLES, LLC, et al.,<br><br>Defendants. | Case No.  CV09-01204 JFW (PJWx)<br><br>**JUDGMENT PURSUANT TO ORDER GRANTING SUMMARY JUDGMENT AND RULE 54(b)** |
| VAQUERO DE LOS ROBLES, LLC, et al.,<br><br>Counterclaimants<br><br>v.<br><br>TEXTRON FINANCIAL CORPORATION,<br><br>Counterdefendant. | |

W02-WEST:5SS1\402349676.1                                                                                     JUDGMENT

TFC000920

Exhibit C

The Court having entered its order granting summary judgment to Plaintiff and Counterdefendant Textron Financial Corporation ("TFC") herein, there being no just reason for delay in entering judgment with regard to the claim by TFC against defendants John E. King, John G. King and Carole King and with regard to the Counterclaim and each claim for relief asserted therein, and GOOD CAUSE APPEARING, it is hereby ordered, adjudged, decreed that judgment hereby shall be and is entered in favor of TFC and against Defendants John E. King, John G. King, Carole King on the third claim for relief contained in TFC's Complaint and in favor of TFC and against Counterclaimants John E. King, John G. King, Carole King, and Vaquero de los Robles, LLC ("Vaquero") on the Counterclaim contained in Counterclaimants Answer and Counterclaim as follows:

1.     TFC shall have and recover from Defendants John E. King, John G. King and Carole King, and each of them, the sum of $11,434,204.55, consisting of $9,749,999.80 in principal owed on the loan made by TFC to Vaquero, interest of $1,107,900.73 through November 30, 2009 less interest payments received of $153,896.19, an exit fee of $195,000.00 and late charges of $535,200.22, to which shall be added interest accrued from December 1, 2009 to the date of entry of judgment on the principal amount at the daily rate of $2,975.02.

2.     Counterclaimants John E. King, John G. King, Carole King and Vaquero shall take nothing on their Counterclaim herein and judgment is entered in favor of TFC on the Counterclaim.

3.     TFC is further entitled to recover its attorneys' fees and expenses incurred herein, to be determined upon motion timely made by TFC.

Dated:  December 29, 2009

_____
United States District Court Judge

TFC000921

Exhibit C

**JULIE RODEWALD**
San Luis Obispo County — Clerk/Recorder

MVELARDE
2/03/2010
11:50 AM

Recorded at the request of
**Publio**

Recording Requested By
&
When Recorded Return To:

Kristy Young, Sheppard Mullin Richter & Hampton

Four Embarcadero Center, 17th Floor

San Francisco, CA  94111

DOC#:  **2010005529**

| Titles: 1 | Pages: | 2 |
|---|---|---|
| Fees | | 17.00 |
| Taxes | | 0.00 |
| Others | | 30.00 |
| PAID | | $47.00 |

ABSTRACT OF JUDGMENT

**DOCUMENT TITLE**

Lien notice mailed to debtor at
address shown per Government
Code 27297.5

TFC000922

Exhibit C

*WHEN RECORDED MAIL TO:*

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center - 17th Floor
San Francisco, CA 94111
Attn: Steven B. Sacks

# ORIGINAL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION<br><br>PLAINTIFF(S),<br>v.<br>VAQUERO DE LOS ROBLES, LLC; JOHN E. KING, CAROLE KING & JOHN G. KING<br>DEFENDANT(S) | CASE NUMBER:<br><br>CV09-01204 JFW (PJWx)<br><br><br>ABSTRACT OF JUDGMENT/ORDER |

I certify that in the above-entitled action and Court, Judgment/Order was entered on ___December 29, 2009___

in favor of ___Plaintiff Textron Financial Corporation___ whose address is c/o Steven B. Sacks, Sheppard, Mullin Richter & Hampton, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111

and against ___Defendants John E. King, Carole King and John G. King___ whose last known address is 285 Bridge Street, San Luis Obispo, CA 93401

for $9,749,999.80 Principal, $954,004.54 Interest to November 30, 2009, $86,275.58 Interest from December 1, 2009 to the date of entry of judgment on the principal amount at the daily rate of $2,975.02, $730,200.22 Other Charges, and costs, attorneys' fees and expenses to be determined.

ATTESTED this _11_ day of ___January, 2010___

Judgment debtor's driver's license no. and state; _____  ☒ Unknown.

Judgment debtor's Social Security number;
John E. King XXX-XX-7257
Carole King XXX-XX-7208
John G. King XXX-XX-3231 _____  ☐ Unknown.

☒ No stay of enforcement ordered by Court

☐ Stay of enforcement ordered by Court, stay date ends _____

Judgment debtor's attorney's name and address and/or address at which summons was served:
Thomas G. Foley, Jr.
Foley Bezek Behle & Curtis, LLP
15 West Carrillo Street
Santa Barbara, CA 93101

CLERK, U. S. DISTRICT COURT

By _____
Deputy Clerk

NOTE:   JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE DISTRICT OF ORIGIN AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.

---

G-18 (06/01)    ABSTRACT OF JUDGMENT/ORDER

END OF DOCUMENT

TFC000923

Exhibit C

<u>Exhibit "B"</u>
to
AGREEMENT REGARDING ASSIGNMENT OF RIGHTS
AND OBLIGATIONS UNDER SATISFACTION AGREEMENT
AND JUDGMENTS

SPANISH SPRINGS JUDGMENT

Exhibit C

SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
STEVEN B. SACKS, Cal. Bar No. 98875
ssacks@sheppardmullin.com
KRISTY E. YOUNG, Cal. Bar No. 260542
kyoung@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:   415-434-9100
Facsimile:   415-434-3947
ssacks@sheppardmullin.com

Attorneys for Plaintiff
TEXTRON FINANCIAL CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> SPANISH SPRINGS II, LLC, et al., <br><br> Defendants. | Case No.  CV09-01205 JFW (PJWx) <br><br> **AMENDED JUDGMENT PURSUANT TO ORDER GRANTING SUMMARY JUDGMENT AND RULE 54(b)** |
| SPANISH SPRINGS II, LLC, et al., <br><br> Counterclaimants <br><br> v. <br><br> TEXTRON FINANCIAL CORPORATION, <br><br> Counterdefendant. | |

W02-WEST.SKEY1\402424386.1                     -1-

TFC000925

Exhibit C

The Court having entered its order granting summary judgment to Plaintiff and Counterdefendant Textron Financial Corporation ("TFC") herein, there being no just reason for delay in entering judgment with regard to the claim by TFC against defendants John E. King and Carole King and with regard to the Counterclaim and each claim for relief asserted therein, and GOOD CAUSE APPEARING, it is hereby ordered, adjudged, decreed that judgment hereby shall be and is entered in favor of TFC and against Defendants John E. King and Carole King on the third claim for relief contained in TFC's Complaint and in favor of TFC and against Counterclaimants John E. King, Carole King, and Spanish Springs II, LLC ("Spanish Springs") on the Counterclaim contained in Counterclaimants' Answer and Counterclaim as follows:

1. TFC shall have and recover from Defendants John E. King and Carole King, and each of them, the sum of $4,286,125.34, consisting of $3,706,557.14 in principal owed on the loan made by TFC to Spanish Springs, interest of $326,852.30 through November 30, 2009 less interest payments received of $40,909.11, an exit fee of $94,000.00 and late charges of $199,625.02, to which shall be added interest accrued from December 1, 2009 to the date of entry of judgment on the principal amount at the daily rate of $925.06

2. Counterclaimants John E. King and Carole King and Spanish Springs shall take nothing on their Counterclaim herein and judgment is entered in favor of TFC on the Counterclaim.

3. TFC is further entitled to recover its attorneys' fees and expenses incurred herein, to be determined upon motion timely made by TFC.

Dated: January 19, 2010

_United States District Court Judge_

WO2-WEST:5KEY1\02424386.1          -2-

AMENDED JUDGMENT

Exhibit C

**JULIE RODEWALD**
San Luis Obispo County – Clerk/Recorder

Recorded at the request of
Public

MVELARDE
2/03/2010
11:50 AM

Recording Requested By
&
When Recorded Return To:

Kristy Young, Sheppard Mullin Richter & Hampton

Four Embarcadero Center, 17th Floor

San Francisco, CA  94111

DOC#:    2010005528

| | Titles: 1 | Pages: 2 |
|---|---|---|
| Fees | | 17.00 |
| Taxes | | 0.00 |
| Others | | 20.00 |
| PAID | | $37.00 |

Lien notice mailed to debtor at
address shown per Government
Code 27297.5

ABSTRACT OF JUDGMENT

**DOCUMENT TITLE**

TFC000927

Exhibit C

WHEN RECORDED MAIL TO:

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center - 17th Floor
San Francisco, CA 94111
Attn: Steven B. Sacks

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| TEXTRON FINANCIAL CORPORATION | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | CV09-01205 JFW (PJWx) |
| v. | |
| SPANISH SPRINGS II, LLC; JOHN E. KING & CAROLE KING | ABSTRACT OF JUDGMENT/ORDER |
| DEFENDANT(S). | |

I certify that in the above-entitled action and Court, Judgment/Order was entered on January 19, 2010

in favor of  Plaintiff Textron Financial Corporation     whose address is c/o Steven B. Sacks, Sheppard Mullin

Richter & Hampton. Four Embarcadero Center, 17th Floor, San Francisco, CA 94111

and against  Defendants John E. King and Carole King     whose last known address is

285 Bridge Street, San Luis Obispo, CA 93401

for $3,706,557.14 Principal, $285,943.19 Interest to November 30, 2009, $26,826.74 Interest from December

1, 2009 to the date of entry of judgment on the principal amount at the daily rate of $925.06, $293,625.03 Other

Charges, and costs, attorneys' fees and expenses to be determined.

ATTESTED this ___ day of January, 2010

Judgment debtor's driver's license no. and state; _____   ☒ Unknown.

John E. King XXX-XX-7257
Judgment debtor's Social Security number;  Carole King XXX-XX-7208 _____   ☐ Unknown.

☒ No stay of enforcement ordered by Court

☐ Stay of enforcement ordered by Court, stay date ends _____ . _____

Judgment debtor's attorney's name and address and/or address at which summons was served:

Thomas G. Foley, Jr.

Foley Bezek Behle & Curtis. LLP

15 West Carrillo Street

Santa Barbara, CA 93101

CLERK, U. S. DISTRICT COURT

By _____
                        Deputy Clerk

**NOTE:   JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE
DISTRICT OF ORIGIN AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.**

G-18 (06/01)                    ABSTRACT OF JUDGMENT/ORDER

American LegalNet, Inc.
www.FormsWorkflow.com

END OF DOCUMENT

TFC000928

Exhibit C

Exhibit "C"

to

AGREEMENT REGARDING ASSIGNMENT OF RIGHTS
AND OBLIGATIONS UNDER SATISFACTION AGREEMENT AND
JUDGMENTS

AGREEMENT FOR SATISFACTION OF JUDGMENTS AND RELEASE,
DATED DECEMBER 22, 2010

TFC000929

Exhibit C

## AGREEMENT FOR SATISFACTION OF JUDGMENTS AND RELEASE

THIS AGREEMENT is entered into as of December 22, 2010, by and between John E. King, John G. King, Carole D. King, Palm Dunes, LLC, a California limited liability company, Spanish Springs II, LLC, a California limited liability company ("Spanish Springs"), Vaquero de los Robles, LLC, a California limited liability company ("Vaquero"), and Textron Financial Corporation, a Delaware corporation ("TFC"), collectively referred to as the "Parties." All of the parties other than TFC shall be referred to as the "King Parties." This Agreement is made with reference to the following facts and circumstances:

Recitals

A.      On November 2, 2006, pursuant to a Loan and Security Agreement (the "Vaquero Loan Agreement") TFC made a loan to Vaquero secured by certain real property in the County of San Luis Obispo, California ("Black Ranch") pursuant to a First Deed of Trust, Security Agreement and Fixture Filing ("Vaquero Deed of Trust"). Vaquero executed a Promissory Note ("Vaquero Note") for $9,750,000 in connection with the Vaquero Loan Agreement. A Payment Guaranty (the "Vaquero Guaranty") was executed by John E. King, John G. King, and Carole D. King (the "Vaquero Guarantors"). All capitalized terms used herein with regard to Vaquero that are not otherwise defined shall have the meanings given to them in the loan documents described above.

B.      On January 10, 2007, pursuant to a Loan and Security Agreement (the "Spanish Springs Loan Agreement") TFC made a loan to Spanish Springs secured by certain real property in the County of San Luis Obispo, California (the "Spanish Springs Property") pursuant to a First Deed of Trust, Security Agreement and Fixture Filing ("Spanish Springs Deed of Trust"). Spanish Springs executed a Promissory Note ("Spanish Springs Note") for $4,700,000 in connection with the Spanish Springs Loan Agreement. A Payment Guaranty (the "Spanish Springs Guaranty") was executed by John E. King and Carole D. King (the "Spanish Springs Guarantors"). All capitalized terms used herein with regard to Spanish Springs that are not otherwise defined shall have the meanings given to them in the loan documents described above.

C.      The Vaquero Note and the Spanish Springs Note were not paid upon their maturity or thereafter.

D.      On or about January 29, 2009, TFC initiated nonjudicial foreclosure proceedings in the County of San Luis Obispo in order to conduct a sale of the properties subject to the Vaquero Deed of Trust and the Spanish Springs Deed of Trust. The sales in connection with these proceedings were continued from time to time pursuant to notice.

E.      On February 19, 2009, TFC filed actions against Vaquero, the Vaquero Guarantors, Spanish Springs, and the Spanish Springs Guarantors in the U.S. District Court for the Central District of California, Nos. 09-1204 and 09-1205, for judicial foreclosure and breach of the guaranties (the "Vaquero Action" and the "Spanish Springs Action"). The defendants filed answers and counterclaims against TFC in the Vaquero Action and the Spanish Springs Action.

TFC000930

Exhibit C

F.       On May 19, 2009, John E. and Carole King transferred all of their right, title and interest in and to seven parcels of real property to Palm Dunes (the "Transferred Properties"). The legal descriptions of the Transferred Properties are contained in Exhibit A hereto and are informally referred to as the following:

1.       Avila Hot Springs;
2.       Ontario;
3.       Bridge Street;
4.       Monterey Heights;
5.       Motel Inn;
6.       Godfrey; and
7.       Loomis.

G.       On May 28, 2009, Vaquero and Spanish Springs each filed petitions under Chapter 11 of Title 11 of the United States Code commencing bankruptcy cases in the United States Bankruptcy Court for the Central District of California, Nos. 09-12005 and 09-120006 (the "Vaquero Bankruptcy Case" and the "Spanish Springs Bankruptcy Case").

H.       On June 16, 2009, the court in the Vaquero Action and the Spanish Springs Action issued right to attach orders and orders for issuance of writs of attachment. These writs were served on John E. King, Carole King and John G. King and on various financial institutions.

I.       On or about December 29, 2009, the court entered its Judgment Pursuant To Order Granting Summary Judgment and Rule 54(b) in favor of TFC and against the Vaquero Guarantors in the Vaquero Action awarding the amount of $11,434,204.55 to TFC and rejecting the cross-complaint (the "Vaquero Judgment"). On or about April 5, 2010, the court entered its Order Awarding Attorneys' Fees and Costs, awarding TFC an additional $351,145.94 in attorneys' fees and related costs up to and including the entry of judgment. After applying the $3,500,000 credit bid that TFC applied to purchase the Vaquero Property at the trustee's sale, the total outstanding balance of the Vaquero Judgment that remains unsatisfied is $8,354,933.23 as of December 21, 2010, plus post-judgment interest that continues to accrue on a daily basis of $93.45 from that date. Vaquero and the Vaquero Guarantors (collectively, "Vaquero Appellants") filed an appeal to the Ninth Circuit Court of Appeals of the Vaquero Judgment, which remains pending.

J.       Also on or about December 29, 2009, the court entered its Judgment Pursuant to Order Granting Summary Judgment and Rule 54(b) in favor of TFC and against the Kings in the Spanish Springs Action the amount of $4,286,125.34 to TFC and rejecting the cross-complaint (the "Spanish Springs Judgment"). On or about April 5, 2010, the court entered its Order Awarding Attorneys' Fees and Costs, awarding TFC an additional $321,620.94 in attorneys' fees and related costs up to and including the entry of judgment. After applying the $3,500,000 credit bid that TFC applied to purchase the Spanish Springs Property at a trustee's sale, the total outstanding balance of the Spanish Springs Judgment that remains unsatisfied is $1,140,483.14 as of December 21, 2010, plus post-judgment interest that continues to accrue on a daily basis of $12.73 from that date. Spanish Springs and the Spanish Springs Guarantors (collectively,

TFC000931

Exhibit C

"Spanish Springs Appellants") filed an appeal to the Ninth Circuit Court of Appeals of the Spanish Springs Judgment, which remains pending.

K.     TFC was granted relief from the automatic stay in the Vaquero Bankruptcy Case and the Spanish Springs Bankruptcy Case. On February 25, 2010, foreclosure sales were conducted as to the Vaquero Property and the Spanish Springs Property and the foreclosing beneficiary was the successful bidder in each sale. On March 25, 2010, deeds were recorded transferring the properties to SPE LO Holdings, LLC, a Delaware limited liability company.

L.     On the dates indicated, TFC has recorded abstracts of the Vaquero Judgment and the Spanish Springs Judgment in the following counties in California and in the States of Texas and Hawaii:

San Francisco filed on March 2, 2010 as Instrument Numbers 20101933699, and 20101933700

Hawaii Bureau of Conveyances filed on February 4, 2010 as Instrument Number 2010-016360 and 2010-013389.

San Luis Obispo filed on February 3, 2010 as Instrument Number 2010005529 and 2010005528.

Travis County, Texas filed on January 28, 2010 as Instrument Number 2010012910

Santa Barbara filed on January 29, 2010 as Instrument Number 2010-0004950 and 2010-0004949.

M.     On April 16, 2010, TFC recorded Notices of Judgment Lien with regard to both the Vaquero Judgment and the Spanish Springs Judgment with the California Secretary of State.

N.     On July 1, 2010, TFC filed an action in the Central District of California, no. 10-4890 SJO, against John E. and Carole King and alleged that the transfers made to Palm Dunes constituted fraudulent conveyances that should be set aside for the benefit of TFC (the "King Action"). The Kings filed an answer to the complaint in the King Action, denying that TFC was entitled to relief therein.

O.     On July 8, 2010, TFC recorded Notices of Pending Actions with regard to each of the Transferred Properties in the County of San Luis Obispo and then filed conformed copies of these Notices with the Court in the King Action.

P.     On July 27, 2010, the court in the Vaquero Action entered an order charging the membership interests of John E. and Carole King in Palm Dunes, LLC, with the obligation of the Vaquero Judgment.

W02-WEST:5SS1\403100588.4
0SHB-155574

-3-

TFC000932

Exhibit C

Q.    The Parties have negotiated and agreed upon the terms set forth below as a means by which the King Parties can satisfy the Vaquero Judgment and the Spanish Springs Judgment through the payments and other obligations contained herein.  The Vaquero Judgment and the Spanish Springs Judgment, and the rights and liens created pursuant thereto, shall remain outstanding until and unless this Agreement is performed pursuant to its terms.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the Parties hereby agree as follows:

1.    **DEFINITIONS**

    a.    "Affiliate" means any Person

        i.    which directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, the any of the King Parties;

        ii.    which beneficially owns or holds 5% or more of any class of the Voting Equity of any of the King Parties; or

        iii.    5% or more of the Voting Equity of which is beneficially owned or held by the King Parties.

    The term "control" means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a Person, whether through the ownership of Voting Equity, other voting securities (as defined in Section 2(1) of the Securities Act of 1933, as amended), by contract or otherwise.

    b.    "Agreement" means this document.

    c.    "Effective Date" means the date on which the Parties have exchanged executed originals or copies of this Agreement and the Exhibits hereto.

    d.    "Escrow Agent" means First American Title Company, San Luis Obispo office.

    e.    "Godfrey Property" means San Luis Obispo County Assessors Parcel No. 044-561-004 as further described in Exhibit A hereto.

    f.    The "John G. King Adjustment" means that in the event that Net Cash otherwise due TFC under this Agreement arises from a property on which John G. King has some or all of the ownership interest held by any of the King Parties, then upon request, that amount of Net Cash attributable to John G. King's interest shall be returned to John G. King if, within 60 days of its receipt, John E. King replaces that amount with a payment or with other Net Cash.

TFC000933

Exhibit C

g.   "King Ventures" means and includes the business operations and investments currently conducted by John E. King and those business operations and investments conducted during the term of this Agreement.

h.   "Lockbox Agreement" means the agreement between John E. King and TFC entered into pursuant to the provisions of this Agreement with regard to the bank account at the _____ Bank, which is attached hereto as Exhibit B.

i.   "Net Cash" means the amount received after payment of expenses of sale, closing expenses, brokerage commissions and other out-of-pocket expenses due to third parties (and not payments made to the King Parties or their Affiliates).

j.   "Net Income" means the net profit of King Ventures after all expenses, taxes, and interest attributable to its business operations, and any other net amount earned by John E. King separately from his work for King Ventures. In calculating Net Income, the expense attributable to salaries for John E. King and any other person related to him shall not exceed $200,000 per annum, including all benefits or other payments commonly referred to as "perks" (other than medical and hospitalization).

k.   "Person" means an individual, partnership, corporation, trust, unincorporated organization, limited liability company or a government or agency or political subdivision thereof.

l.   "Voting Equity" means securities (as defined in Section 2(1) of the Securities Act of 1933, as amended) of any class or classes of a corporation the holders of which are ordinarily, in the absence of contingencies, entitled to elect a majority of the corporate directors (or Persons performing similar functions) of such corporation or, in the case of a Person which is not a corporation, securities or similar equity or partnership interests which entitle the holder thereof to elect, select or control the management or policies of such Person.

2.   **Payment Obligations.**

a.   On or before December 31, 2010, John E. King and Carole King shall pay the greater of $1,000,000 or the Net Cash obtained from an arm's length sale of the interest held by Palm Dunes and/or John E. and Carole King in the Godfrey Property;

b.   On or before December 31, 2011, TFC shall be paid the greater of (i) $1,000,000 paid by John E. and Carole King, or (ii) Net Cash from sales of properties owned in whole or in part by the Vaquero Guarantors or their Affiliates, plus the Net Income derived from services provided by John E. King and/or King Ventures, subject to the John G. King Adjustment. In the event that the King Parties have otherwise complied with this Agreement and the total of Net Cash and Net Income is greater than $1,000,000 during the period from January 1, 2011 to

WU2-WEST.5SS1403100588.4
05HB-155574

-5-

TFC000934

Exhibit C

December 31, 2011, then John E. King shall be entitled to retain fifty percent (50%) of the amount greater than $1,000,000;

c.  On or before December 31, 2012, John E. and Carole King shall pay the remaining sum, if any, necessary to bring the total paid to TFC to $3 million. Until such amount is paid, TFC shall receive (1) the Net Cash from sales of properties owned in whole or in part by the Vaquero Guarantors or their Affiliates, subject to the John G. King Adjustment, and (2) the Net Income.

d.  On December 31, 2013, John E. and Carole King shall pay TFC the sum of $300,000. On December 31, 2014, and on December 31 of each subsequent year until and including December 31, 2020, John E. and Carole King shall pay TFC the sum of $100,000.

e.  In lieu of some or all of the payments required by paragraphs a through d above, the payment obligation hereunder can be satisfied at any time by payment to TFC of the present value of the payments set forth in paragraphs a through d above, calculated using a discount rate of six percent (6%) per annum to the date on which payment is made.

3.  **Other Obligations**

a.  John E. King agrees that he will continue to do business as King Ventures.

b.  John E. and Carole King shall file IRS Form 2848 to appoint a certified public accountant or attorney to act as their Taxpayer Representative who shall be given authority to received any and all refund checks due to them. The person appointed shall enter into an agreement with TFC to pay the amounts over to it. Any such amounts received shall be treated as Net Income.

c.  As further security for the full and timely performance of the obligations hereunder and of the Vaquero Judgment and the Spanish Springs Judgment, and in furtherance of the judgment liens held by TFC, John E. King, contemporaneously with the execution of this Agreement, hereby grants to TFC a security interest in the following property (hereinafter referred to as the "Additional Collateral"):

  i.  each and every right of John E. King to the payment of money, whether such right now exists or hereafter arises, whether such right to payment arises out of services rendered, a sale, lease or other disposition of goods or other property, out of rendering services, out of a loan, out of the overpayment of taxes or other liabilities of, or otherwise arises under any contract or agreement, whether such right to payment is or is not already earned by performance, and howsoever such right to payment may be evidenced, together with all other rights and interests (including all liens and security interests) which he may at any time have by law or agreement against any account debtor or other obligor obligated to make any such

W02-WEST-5SS1403100588.4
•SHB-155574

-6-

TFC000935

Exhibit C

payment or against any of the property of such account debtor or other obligor; and

ii.   all general intangibles of John E. King including but not limited to all present and future debt instruments, chattel paper, accounts, loans and obligations receivable and tax refunds.

d.   The King Parties shall, at their own expense, execute the financing statements required by the Uniform Commercial Code together with any and all other instruments or documents and take such other action, including delivery of such instruments and documents, as may be necessary to perfect, and to continue the perfection of, TFC's security interests and liens and, unless prohibited by law, the King Parties hereby authorize TFC to execute and file any such financing statement on their behalf.

e.   John E. King shall enter into the Lockbox Agreement.

f.   John E. King, Carole King and John G. King agree not to enter into sales, exchanges, refinances, deed in lieu transactions, or other similar transactions as to real property that they or their Affiliates own or have an interest in ("Transactions") without TFC's prior written consent, not to be unreasonably withheld. The proceeds of any Transactions shall be subject to the Lockbox Agreement.

g.   The Vaquero Appellants and the Spanish Springs Appellants shall obtain the dismissal and withdrawal with prejudice of the appeals in the Vaquero Action and the Spanish Springs Action. The King Parties shall take no further actions to contest, set aside, vacate, or otherwise challenge the Vaquero Judgment or the Spanish Springs Judgment. The Vaquero Guarantors hereby, individually, jointly and severally, ratify and reaffirm their obligations to TFC under the Vaquero Judgment. The Spanish Springs Guarantors hereby, individually, jointly and severally, ratify and reaffirm their obligations to TFC under the Spanish Springs Judgment.

h   Within 10 days following the Effective Date, any of the Transferred Properties still owned by Palm Dunes, LLC shall be transferred to John E. and Carole King and John E. King shall certify to TFC that during the pendency of the King Action, Palm Dunes has not made any transfers of the Transferred Properties to anyone other than himself and Carole King. TFC shall thereupon dismiss the King Action.

i.   TFC shall be entitled to obtain charging orders in connection with the Vaquero Judgment against the interests of the King Parties in any and all real property. The King Parties shall cooperate with TFC and shall not oppose TFC's requests for issuance of charging orders.

W02-WEST:5SS1\4031005%6 4
0SHB-155574

-7-

TFC000936

Exhibit C

j.      The King Parties shall maintain insurance on their properties consistent with practices in the industry.

k.      Upon completion of TFC's receipt of all payments set forth in paragraph 2 above, the Vaquero Judgment and the Spanish Springs Judgment shall be deemed satisfied. At such time, TFC shall file appropriate documents indicating the satisfaction of the judgments and the security interests and liens held to secure satisfaction of the judgment and this Agreement shall terminate.

4.   **Reporting and Audit.**

a.      The King Parties shall give the following reports to TFC:

i.      Copies of John E. and Carole King's and John G. King's 2009 federal and California tax returns, including all attachments and schedules;

ii.     Not less than 30 days before any proposed disposition, sale or other transfer of an interest in real property, TFC shall be informed of all terms and conditions of the transaction, provided with copies of all documents pertinent to the transaction;

iii.    Every three months, beginning with the end of the third month following the Effective Date, TFC shall be informed of the current status of each real property interest held by John E. King or his Affiliates. The report shall include the status of any sale efforts with regard to each property, the identity of the manager, a summary of the cash flows associated with the property, any information since the prior report concerning the value of the property, and the status of any efforts by a lender or other creditor to foreclose or execute against the property.

iv.     Quarterly financial statements, including a balance sheet, income and expense statement and statement of cash flow, not later than forty-five (45) days following the end of each calendar quarter, commencing with the quarter ending December 31, 2010 and annual financial statements, including a balance sheet, income and expense statement and cash flow statement, not later than one hundred twenty (120) days following each year end, and copies of the complete federal and California tax returns filed by John E. King and Carole King, not later than thirty (30) days following such filings;

v.      a report of any facility acquisitions, acquisitions of new equipment, any closures, any litigation or administrative actions commenced against the King Parties, any significant management changes; and

vi.     any other information reasonably requested by TFC.

TFC000937

Exhibit C

b.   TFC shall have the right to review and/or audit John E. King's financial affairs and the business of King Ventures (the "Audit Rights") on a yearly basis. In addition, King Ventures and John E. King shall allow any representative of TFC to visit and inspect any of the properties of the King Parties, to examine the books of account and other records and files, to make copies thereof and to discuss the affairs, business, finances and accounts of the King Parties, upon reasonable advance notice to John E. King and at such reasonable times and as often as TFC may reasonably request;

5.   **Release by Vaquero, Spanish Springs, Palm Dunes, LLC, the Vaquero Guarantors, and the Spanish Springs Guarantors.**

Except for the obligations and terms set forth in this Agreement, the King Parties, on their own behalf and on behalf of each of his, her or its past, present, and future agents, assigns, and successors, and each and every other person or entity claiming by or through him, her, or it, do hereby fully release and forever discharge TFC, and each of its past, present, and future officers, directors, employees, agents, assigns, insurers, representatives, attorneys, affiliated entities, predecessors, and successors from all of the claims, demands, losses, causes of action, suits, costs, expenses, attorneys' fees, debts, liabilities and indemnities of all and any nature whatsoever, under the law of any jurisdiction worldwide, whether known or unknown, suspected or unsuspected, whether concealed or hidden, which now exist or existed at any time previously, including without limitation the claims that were asserted or could have been asserted in the Vaquero Action and the Spanish Springs Action (collectively, the "Borrower Claims").

With respect to any and all of the Borrower Claims, the King Parties expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides that:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The King Parties further agree that he, she or it may hereafter discover facts in addition to or different from those which are known or believed by him, her, or it to be true with respect to the Borrower Claims, but he, she or it nonetheless intends to, and does hereby fully, finally, and forever settle and release any and all Borrower Claims without regard to the subsequent discovery or existence of such different or additional facts.

6.   **Default**

a.   The occurrence of any one or more of the following events with respect to the King Parties shall constitute an event of default hereunder ("Event of Default"):

i.   If the King Parties shall fail to pay within five (5) days of the date due any payment due hereunder;

TFC000938

Exhibit C

  ii. The King Parties breach any of their other obligations, representations, warranties or covenants under this Agreement, any Exhibit to this Agreement, and/or any other agreement between the King Parties and TFC whether now in existence or hereinafter entered into;

  iii. Any representation, warranty or covenant made by the King Parties in connection with this Agreement, any Exhibit to this Agreement, and/or any other agreement between the King Parties and TFC whether now in existence or hereinafter entered into shall be false or misleading in any material respect;

  iv. If, pursuant to or within the meaning of the United States Bankruptcy Code or any other federal or state law relating to insolvency or relief of debtors (a "Bankruptcy Law"), John E. King or Carole King shall on or before December 31, 2012 (i) commence a voluntary case or proceeding; (ii) consent to the entry of an order for relief against it in an involuntary case; (iii) consent to the appointment of a trustee, receiver, assignee, liquidator or similar official; or (iv) make an assignment for the benefit of creditors.

  v. If a court of competent jurisdiction enters an order or decree under any Bankruptcy Law on or before December 31, 2012 that (i) is for relief against John E. King or Carole King in an involuntary case, or (ii) appoints a trustee, receiver, assignee, liquidator or similar official for John E. King or Carole King or substantially all of their real property, and in each case the order or decree is not dismissed within 45 days.

b. The King Parties shall notify TFC in writing within five days after the occurrence of any Event of Default of which the King Parties have knowledge;

c. Upon the occurrence of an Event of Default hereunder (unless all Events of Default have been cured, or waived by TFC), TFC may, at its option, (i) by written notice to John E. King, declare that this Agreement is no longer in effect and that the payments received under this Agreement shall be credited against the unpaid balance first to the Vaquero Judgment and then, if that judgment has been fully satisfied, to the Spanish Springs Judgment, with the remaining amounts owed immediately due and payable regardless of any forbearance allowed under this Agreement, and (ii) exercise any and all rights and remedies available to it under applicable law, including, without limitation, the right to collect from the Vaquero Guarantors all sums due under the Vaquero Judgment and to collect from the Spanish Springs Guarantors all sums due under the Spanish Springs Judgment, and exercise any and all rights and remedies of a judgment creditor and as a secured party under the Uniform Commercial Code and/or the California Commercial Code and as otherwise granted to TFC under this Agreement;

TFC000939

Exhibit C

d.    John E. King shall pay all reasonable costs and expenses incurred by or on behalf of TFC in connection with TFC's exercise of any or all of its rights and remedies under this Agreement, including, without limitation, reasonable attorneys' fees.

7.    **Representations and Warranties.**

To induce TFC to enter into this Agreement, the King Parties, jointly and severally, make the following representations, warranties, and covenants which shall be deemed to be continuing representations, warranties and covenants so long as the obligations of this Agreement remain outstanding:

a.    He or she or it has the right and authority to (i) agree to all matters set forth herein, and (ii) execute this Agreement;

b.    He, she or it has not sold, assigned, transferred, conveyed, hypothecated, encumbered or otherwise disposed of an interest in any of the claims or demands relating to any subject matter covered by this Agreement and is the sole owner of such claims or demands. Each Party agrees to defend, indemnify, and hold the other Party harmless from any and all claims based on or arising out of any assignment or transfer made, purported or claimed;

c.    Each of the Recitals is true and accurate;

d.    No representation or warranty made in this Agreement, in any Exhibit to this Agreement, or in any other document furnished or to be furnished from time to time in connection herewith or therewith knowingly contains or will knowingly contain any misrepresentation of a material fact or knowingly omits or will knowingly omit to state any material fact necessary to make the statements herein or therein not misleading.

8.    **Notice.**

All notices, requests, consents and other communications hereunder to any party, shall be deemed to be sufficient if in writing and: (i) delivered in person, (ii) sent by confirmed facsimile; (iii) sent by first class registered or certified United States mail, return receipt requested and postage prepaid; or (iv) sent by a reputable overnight delivery service, addressed to such party at the address set forth below (or at such other addresses as shall be specified by like notice):

If to TFC:

Gaither W. Horde III
Textron Financial Corporation
11575 Great Oaks Way
Suite 200
Alpharetta, GA  30022
Facsimile: (770) 360-1458

W02-WEST:5SS1U03100598.4
OSHB-155574                              -11-

TFC000940

Exhibit C

With a copy to:

> Steven B. Sacks
> Sheppard Mullin Richter & Hampton LLP
> Four Embarcadero Center, 17th Floor
> San Francisco, CA 94111
> Facsimile: (415) 434-3947

If to the King Parties:

> John E. King                    John G. King
> Carole D. King                  285 Bridge St.
> 285 Bridge St.                  San Luis Obispo, CA 93401
> San Luis Obispo, CA 93401

With a copy to:

> Frederick K. Glick
> Glick & Haupt LLP
> 1315 Santa Rosa St.
> San Luis Obispo, CA 93401
> Facsimile: (805) 544-3284

9.    **Additional Terms.**

a.    The amounts set forth herein are not subject to withholding or set-off.

b.    The King Parties shall execute and deliver to TFC, in form and substance reasonably satisfactory to TFC, as applicable, any and all other security agreements, hypothecation agreements, assignments, mortgages, pledge agreements, financing statements, notices of lien, guarantees and any other documents relating to any security as TFC shall reasonably require from time to time.

c.    The Parties and each of them waive any and all due diligence with respect to this Agreement. In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law and the risk of their decision to waive due diligence. If the Parties, or any of them, should later discover that any fact they relied upon in entering this Agreement is not true, or that their understanding of the facts or law was incorrect, the Parties shall not be entitled to seek rescission of this Agreement by reason thereof. This Agreement is intended to be final and binding upon the Parties regardless of any mistake of fact or law.

d.    This Agreement shall be binding upon and for the benefit of the Parties and their respective parents, subsidiaries, officers, directors, partners, employees, heirs, conservators, successors, devisees, assigns, as well as on any trustee appointed in

WO2-WEST:5SS1403100589.4
OSHB-155574

-12-

TFC000941

Exhibit C

any subsequently filed bankruptcy cases. No other person or entity shall be entitled to claim any right or benefit hereunder, including, without limitation, the status of a third-party beneficiary of this Agreement. The King Parties may not assign their rights or delegate their duties hereunder without TFC's prior written approval. Without the King Parties' consent, TFC may assign its rights or delegate its duties hereunder.

e.   The rights and remedies of TFC under this Agreement shall be cumulative and not alternative. No waiver by TFC of any right or remedy under this Agreement shall be effective unless in a writing signed by TFC. Neither the failure nor any delay in exercising any right, power or privilege under this Agreement will operate as a waiver of such right, power or privilege and no single or partial exercise of any such right, power or privilege by TFC will preclude any other or further exercise of such right, power or privilege or the exercise of any other right, power or privilege. To the maximum extent permitted by applicable law, (a) no claim or right of TFC arising out of this Agreement can be discharged by TFC, in whole or in part, by a waiver or renunciation of the claim or right unless in a writing, signed by TFC; (b) no waiver that may be given by TFC will be applicable except in the specific instance for which it is given; and (c) no notice to or demand on the King Parties will be deemed to be a waiver of any obligation of the King Parties or of the right of TFC to take further action without notice or demand as provided in this Agreement.

f.   In the event that any of the King Parties shall, other than in the Vaquero Bankruptcy Case and the Spanish Springs Bankruptcy Case, (i) be the subject of any bankruptcy proceeding under the Bankruptcy Code, (ii) be the subject of any order for relief issued under such Title 11 of the U.S. Code, as amended, (iii) be the subject of any petition seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or other relief for debtors, or (iv) be the subject of any order, judgment, or decree entered by any court of competent jurisdiction approving a petition filed against such party for any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state law relating to bankruptcy, insolvency, or relief for debtors, TFC shall thereupon be entitled to immediate relief from any automatic stay imposed by Section 362 of Title 11 of the U.S. Code, as amended or otherwise, on or against the exercise of the rights and remedies otherwise available to TFC and as otherwise provided by law; and (c) the King Parties shall not seek a supplemental stay or any other relief, whether injunctive or otherwise, pursuant to Section 105 of the United States Bankruptcy Code (Title 11, U.S.C.) or any other provision of the United States Bankruptcy Code to stay, interdict, condition, reduce or inhibit the ability of TFC to enforce any rights it has by virtue of this Agreement, or any other rights TFC has, whether now or hereafter acquired against the King Parties, or against any collateral which is security for this Agreement; and (d) neither the execution and delivery of this Agreement nor the performance of any actions required hereunder

W02-WEST:5551\403100588 4
OSHB-155574

-13-

TFC000942

Exhibit C

is being consummated by the King Parties with or as a result of any actual intent by them to hinder, delay or defraud any entity to which the King Parties are now or will hereafter become indebted. As consideration for TFC's entering into this Agreement with the King Parties, the King Parties agree that should any of them be the subject of a bankruptcy proceeding other than the Vaquero Bankruptcy Case and the Spanish Springs Bankruptcy Case, whether commenced voluntarily or involuntarily, TFC shall have relief from the automatic stay to exercise TFC's remedies under state law or this Agreement and the King Parties shall not contest TFC's right to such relief. The King Parties admit and acknowledge that they are receiving valuable consideration under this Agreement, that TFC is foregoing the exercise of its rights under the Vaquero Judgment, the Spanish Springs Judgment and in the King Action, that TFC would be prejudiced if this waiver were not enforced in such bankruptcy proceeding and that the King Parties' other creditors, if any, will not be prejudiced by enforcement of this waiver. But for the King Parties agreeing to allow TFC to have relief from the stay, TFC would not have entered into this modification.

g.    Each Party warrants that: it, he or she is represented by counsel with respect to this Agreement and all matters covered by it; it, he or she has been fully advised by said counsel with respect to its rights and obligations and with respect to the execution of this Agreement; and it, he or she authorizes and directs its respective attorneys to execute such papers and to take such other action as is necessary and appropriate to effectuate the terms of this Agreement. Each Party has received independent legal advice from his, her or its attorneys, with respect to: the advisability of making the settlement provided for herein; the advisability of executing this Agreement; and, in regard to releases provided for herein, with respect to the meaning of California Civil Code Section 1542.

h.    Each Party will be responsible for the payment of its own respective costs and attorneys' fees. If any dispute arises out of this Agreement, the prevailing party will be entitled to recover reasonable attorneys' fees, costs and disbursements of counsel.

i.    The laws of the State of California will govern this Agreement and the rights and duties of the Parties hereunder. Any legal action or proceeding against the King Parties with respect to the Agreement to which they are a party may be brought in such of the courts of competent jurisdiction of the State of California in the County of San Luis Obispo or in the United Sates District Court for the Central District of California as TFC or its respective successors and permitted assigns, as the case may be, may elect, and by execution and delivery of the Agreement to which it is a party, the King Parties irrevocably submit to the non-exclusive jurisdiction of such courts, and the appellate courts therefrom, for purposes of legal actions and proceedings under the Agreement.

j.    This Agreement represents the entire agreement between the Parties with respect to its subject matter and supersedes all prior oral and written agreements,

W02-WEST:5SS1\403100588.4
OSHB-155574

-14-

TFC000943

Exhibit C

negotiations and understandings. Each Party warrants that no promise, inducement or agreement not expressed herein has been made in connection with this Agreement. The Parties are not relying on any representation, warranty, condition, understanding or agreement of any kind with respect to the subject matter of this Agreement unless incorporated herein. This Agreement may not be altered, amended, modified or otherwise changed in any respect or particular except in writing, duly executed by each of the Parties.

k.      This Agreement may be executed in counterparts and together the counterparts will constitute one original.

l.      All the Parties hereto agree to and will cooperate fully with each other in the performance of this Agreement including, without limitation, executing any additional documents and instruments reasonable and necessary to the full performance of this Agreement.

m.      The relationship by and among the King Parties and TFC is that of debtor for the former and creditor for TFC. Nothing contained in this Agreement will be deemed to create a partnership or joint venture by and among the King Parties and TFC or to cause TFC to be liable or responsible in any way for the actions, liabilities, debts, or obligations of the King Parties

TFC000944

Exhibit C

IN WITNESS WHEREOF, the Parties have signed this Agreement as of the date first written above.

Textron Financial Corporation

By: _____
Assit. Secretary

Vaquero de los Robles, LLC

By: _____
John E. King,
Its Managing Member

_____
John E. King

_____
Carole King

Approved as to form:

Spanish Springs II, LLC

By: _____
John E. King,
Its Managing Member

_____
John E. King

Valley Dental, LLC

By: _____
John E. King,
Its Managing Member

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
STEVEN B. SACKS
Attorneys for Textron Financial Corporation

16

Exhibit C

GLICK & HAUPT LLP

By     _____
           Frederick K. Glick
    Attorneys for John E. King, John G. King, Carole King,
    Palm Dunes, LLC, Vaquero de los Robles, LLC and
            Spanish Springs II, LLC

TFC000946

Exhibit C



Paul G. Metchik, Cal Bar No. 84437
1316 Broad Street
San Luis Obispo, CA 93401
paul@metchiklaw.com
Telephone: (805) 783-2450
Facsimile: (805) 783-2451

Attorneys for Assignee Judgment Creditor
ORKA REAL ESTATE PARTNERS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>v<br><br>SPANISH SPRINGS II, LLC, et al.,<br><br>Defendants. | CASE NO.  CV09-01205 JFW (PJWx)<br><br>**ASSIGNMENT OF JUDGMENT AND ACKNOWLEDGEMENT OF ASSIGNMENT** |
| SPANISH SPRINGS II, LLC, et al.,<br><br>Counterclaimants<br><br>v.<br><br>TEXTRON FINANCIAL CORPORATION,<br><br>Counterdefendant. | |

1.    **Definitions:**

The following definitions shall govern this Assignment and Acknowledgement:

a.    "Judgment" – refers to (a) the Abstract of Judgment/Order entered and filed in the above captioned action on or around January 19, 2010, as renewed on January 8, 2020; (b) any later amended, augmented, supplemental or other judgment, judgment on appeal and any

1

Exhibit D

settlement in favor of the Plaintiff and/or Judgment Creditor; and (c) all other rights of the Judgment Creditor to receive cash or other consideration arising from the underlying claims that form the basis for the above captioned action.

b. "Judgment Creditor" – refers to the following Judgment Creditor, who was initially assigned the Judgment in the above captioned action by the Plaintiff Textron Financial Corporation on January 11, 2016, by the filing of an assignment of judgment and acknowledgement of assignment on January 21, 2016:

> ORKA Real Estate Partners LLC
>
> c/o Paul G. Metchik, Esq.
>
> 1316 Broad Street
>
> San Luis Obispo, CA 93401

c. "Assignee" – refers to the following assignee of the Judgment Creditor of certain rights and interest in the Judgment, as described below, and said Assignee's successors and/or further assigns:

> AKRO REAL ESTATE PARTNERS LLC
>
> 750 Pismo Street
>
> San Luis Obispo, CA 93401

d. "Judgment Debtors" – refers to the following defendants in the above captioned action, obligors under the Judgment, and any affiliate, successor, assign, surety, or guarantor, as may assume or be bound by the Judgment or other obligations to the Judgment Creditor:

> John E. King and Carole King
>
> 285 Bridge Street
>
> San Luis Obispo, CA 93401

2.      **Assignment and Acknowledgement:**

For value received, the undersigned, being the Judgment Creditor, and owning the legal and/or equitable rights, title and interest in and to the Judgment and proceeds thereof in favor of Plaintiff in the above captioned matter, hereby assigns and transfers to Assignee, AKRO REAL ESTATE PARTNERS LLC, a California limited liability company, and its successors and

2

Assignment of Judgment and Acknowledgement of Assignment

Exhibit D

assigns, all of the Judgment Creditor's interest, right and title to the Judgment against Judgment Debtor in the following:

a. The Amended Judgment entered on January 19, 2010 in the sum of $4,286,125.34, consisting of $3,706,557.14 in Principal, interest of $326,852.30 through November 30, 2009 less interest payments received of $40,909.11, an exit fee of $94,000.00 and late charges of $199,625.02, to which shall be added interest accrued from December 1, 2009 to the date of entry of judgment on the principal at the daily rate of $925.06. Plus an additional $321,620.94 in attorneys' fees and related costs that the court awarded on or about April 5, 2010; plus post judgment interest that continues to accrue on a daily basis of $12.73 as of December 21, 2010. As renewed by the Court Clerk on January 8, 2020, in the total amount of $1,143,181.43

Dated: June 5, 2020

JUDGMENT CREDITOR:

ORKA Real Estate Partners LLC, a California limited liability company

By
Robin L. Rossi, Manager

3

Assignment of Judgment and Acknowledgement of Assignment

Exhibit D

## PROOF OF SERVICE

(C.C.P. §§ 1013, 1013a, 2015.5)

I, the undersigned, am employed in the County of San Luis Obispo, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is 656 Santa Rosa Street, Suite 2B, San Luis Obispo, California, 93401.

On the date set forth below, I served the within document entitled **NOTICE OF LIEN** on the interested parties identified on the attached Service List by the method of service indicated below.

**William C Beall**
Will@BeallandBurkhardt.com,

**Carissa N. Horowitz**
carissa@beallandburkhardt.com

**Todd Curry**
tcurry@currylegal.com

**Casey Z Donoyan**
casey.donoyan@offitkurman.com,
smcfadden@lakklawyers.com
ncondren@lakklawyers.com

**Jon F Gauthier**
jgauthier@ftblaw.com
jrobinson@ftblaw.com

**Jeffrey I Golden**
jgolden@go2.law
kadele@ecf.courtdrive.com
cbmeeker@gmail.com
lbracken@wgllp.com
dfitzgerald@go2.law
golden.jeffreyi.b117954@notify.bestcase.com

**Hal D Goldflam**
hgoldflam@frandzel.com
sking@frandzel.com
autodocket@frandzel.com

**Rosendo Gonzalez**
rossgonzalez@gonzalezplc.com
rgonzalez@ecf.axosfs.com
jzavala@gonzalezplc.com
zig@gonzalezplc.com
gig@gonzalezplc.com

**Michael Haupt**
michael@ghmlaw.com
artyc@aol.com
castlesb@aol.com

**Nicolina Lezza**
niezza@spiwakandiezza.com

**Lior Katz**
lior@katzlaw.com

**Thomas Scott Leo**
sleo@leolawpc.com,
paralegal@leolawpc.com

**Ashley Neglia**
ashley.neglia@eastwestbank.com

**Teresa L Polk**
tp@smtdlaw.com
tugland@smtdlaw.com

**Paul F Ready**
becky@farmerandready.com

**United States Trustee (ND)**
ustpregion16.nd.ecf@usdoj.gov

**Gerrick Warrington**
gwarrington@frandzel.com
achase@frandzel.com
autodocket@frandzel.com

**PROOF OF SERVICE**

_____      **BY MAIL.** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. I deposited such envelope in the mail at San Luis Obispo, California. The envelope was mailed with postage thereon fully prepaid.

_____      **BY OVERNIGHT MAIL.** I served the foregoing document(s) on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope. I sent such envelope by overnight delivery and placed such envelopes in the designated pick-up box for such overnight delivery service.

_____      **BY PERSONAL SERVICE.** I served the foregoing document(s) on the interested parties in this action by personally delivering true copies of said document to the persons identified as follows (or by leaving same with the person in charge of such person's office).

__X___      **BY ELECTRONIC MAIL.** Based upon CRC Rule 2.251 or an agreement of the parties to accept electronic service, I served the foregoing document(s) by electronically transmitting a copy of the document(s) to the electronic service address shown above or on the attached list.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 2, 2026 at San Luis Obispo, California.

_Linda Furnari_
       Linda Furnari

2                             **PROOF OF SERVICE**