**BEALL & BURKHARDT, APC**
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774, FAX (805) 963-5988

Attorneys for Dismissed Debtor John E. King

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| | |
|---|---|
| *In re*<br><br>JOHN E. KING,<br><br>    Alleged Debtor. | Bk. No. 9:22-bk-10674-RC<br>Chapter 7<br><br>**MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS FROM CORONITAS HOLDINGS, LLC**<br><br>Date: August 11, 2027<br>Time: 10:00 a.m.<br>Place: 1415 State Street<br>   Santa Barbara, CA 93101<br>Judge: Hon. Ronald A. Clifford III |

Dismissed Debtor John E. King hereby requests from the Court an Order requiring Coronitas Holdings, LLC top fully and completely respond to the pending discovery requests.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

This was an involuntary Chapter 7 bankruptcy case filed against John E. King ("Mr. King") by petitioning creditors Wolverine Endeavors VIII, LLC ("Wolverine") and Fence Factory, Inc. The involuntary petition was ultimately dismissed. Mr. King thereafter asserted claims for damages under 11 U.S.C. § 303(i) against Wolverine and Fence Factory.

1

Insurance Company of the West ("ICW") later joined the involuntary petition as an additional petitioning creditor. ICW subsequently settled Mr. King's claims against it under 11 U.S.C. § 303(i), and the settlement was approved by the Court (Docket 321). As part of that settlement, ICW's rights to enforce its pre-existing state court judgment against the Kings were expressly preserved.

Following the settlement, Mr. King discovered that Coronitas Holdings, LLC ("Coronitas") had purchased the ICW judgment (the "State Court Judgment") for unknown consideration. Public records show that the addresses and managers of Coronitas and Wolverine are identical, suggesting that Coronitas is an alter ego or instrumentality of Wolverine and its principal, Mr. O'Neill. Coronitas thereafter filed a Notice of Lien (Docket 386) purporting to assert a lien on any recovery by Mr. King under California CCP §§ 708.410 *et seq.*

Mr. King filed a motion to avoid the Coronitas lien (Docket 401) (the "Lien Motion"). In connection with the Lien Motion, Mr. King propounded six (6) interrogatories and eight (8) requests for production of documents on Coronitas (together, the "Discovery"), seeking information about Coronitas's formation, ownership, capitalization, its purchase of the ICW judgment, and the connection between Coronitas and Wolverine. The Discovery was served by email on April 2, 2026.

Coronitas served timely responses. Every single interrogatory and every single document request received an identical boilerplate objection-only response. No substantive information was provided. No documents were produced. Counsel for the parties met and conferred, but Coronitas declined to withdraw any objection or provide any substantive response. This motion follows.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 7026, entitles a litigant to discovery of "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The relevance standard is broad. Information is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. "Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on claims and defenses of the parties." 6 Moore's Federal Practice – Civil § 26.42[1] (2021). Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

Where a party fails to answer interrogatories or produce documents, the propounding party may move to compel under Federal Rule of Civil Procedure 37(a), made applicable by Federal Rule of Bankruptcy Procedure 7037.   A party asserting objections to discovery bears the burden of demonstrating those objections are justified.*Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Boilerplate, generalized objections are legally insufficient and will not be sustained.*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990);*Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996).

### III.  SERVICE BY EMAIL WAS PROPER

Coronitas's primary procedural objection is that its counsel never consented to service of discovery by private email.  This objection lacks merit.  Counsel for Coronitas, K. Todd Curry, applied for and received full electronic filing privileges in the United States Bankruptcy Court for the Central District of California.  In doing so, he executed the "CM/ECF Full Attorney Filing Privileges Agreement." Paragraph 9 of that Agreement provides that registration for filing in CM/ECF constitutes "consent in writing to electronic service, except in regard to service of a summons and complaint under FRBP 7004, and waiver of any right to service by any other means."  The only exception stated is service of a summons and complaint — not discovery documents.  Having consented in writing to electronic service, Coronitas's counsel cannot now disclaim service effectuated by email.

Coronitas cites Nevada district court decisions construing a Nevada local rule to argue that CM/ECF registration does not constitute consent to private email service of non-filed documents. Those cases are not binding and are distinguishable.  The Nevada local rule at issue in those cases was court-specific and required participation in the court's electronic filing system — the courts therefore reasoned that attorneys were compelled to register and that compelled registration cannot constitute voluntary consent.  Here, by contrast, the CM/ECF Full Attorney Filing Privileges Agreement constitutes an express, affirmative written agreement to electronic service, going beyond mere registration.  The Agreement is not limited to service of electronically filed documents.

Moreover, Coronitas has also conceded that identical discovery was re-served by U.S. Mail on May 29, 2026, and that responses will be due prior to the hearing on this Motion.  While Coronitas suggests that the re-served discovery responses moot this Motion, to the extent the same boiler plate allegedly substantive objections are made, the Motion will have continuing purpose.  Whether or not the original

email service was effective, there is no longer any procedural barrier to an order compelling complete and substantive responses.

## IV.  THE DISCOVERY IS RELEVANT AND PROPORTIONAL

The Lien Motion requires the Court to determine whether Coronitas may assert a lien on Mr. King's potential § 303(i) recovery, and whether enforcement of that lien would violate the policy underlying § 303(i) and the settlement with ICW.  Central to that determination are: (1) the relationship between Coronitas and Wolverine; (2) the circumstances of Coronitas's acquisition of the State Court Judgment; (3) any remaining interest retained by ICW; and (4) the nature and structure of Coronitas as an entity. All of the Discovery is directly targeted to these issues.

The Discovery is extremely focused: only six interrogatories and eight document demands.  The interrogatories ask basic questions — who are the members of Coronitas, what was paid for the ICW judgment, who funded Coronitas, when was it formed, who capitalized it, and who has represented it. The document demands seek fundamental corporate and transaction records.  Courts consistently permit precisely this type of discovery where an alter ego relationship is at issue and where the connection between parties is disputed.  Coronitas has not met its burden to show that any specific request is irrelevant, burdensome, or privileged.  It has simply objected to everything with identical boilerplate language.

Any cursory review of the responses reveals that they are strictly boilerplate.  Document demands seeking a single foundational document — such as the Coronitas LLC agreement — are objected to as "burdensome" and "not proportional to the needs of the case."  A request for tax returns is objected to as "vague and ambiguous."  An interrogatory simply asking when Coronitas was created is objected to in identical terms as an interrogatory seeking its complete capitalization history.  These responses are not made in good faith and should not be sustained.

## V.  CORONITAS'S REMAINING OBJECTIONS ARE NOT WELL TAKEN OR DEAL WITH THE MERITS OF THE MOTION, NOT THE DISCOVERY

### A.  Subject Matter Jurisdiction

Coronitas objects that the Court lacks subject matter jurisdiction over the Lien Motion and that the Lien Motion is subject to abstention.  These are merits arguments to be decided in connection with the Lien Motion itself, not grounds for withholding discovery.  A pending jurisdictional challenge does not

automatically stay a party's discovery obligations. The jurisdictional issues are fully briefed in connection with the Lien Motion, which is set for hearing on July 7, 2026 (but should be continued until discovery is complete). The Court can — and should — address the discovery question now, so that if jurisdiction is found to exist, the parties will have the information they need to litigate the Lien Motion on the merits.

## B.  Financial Privacy

Financial privacy is not an absolute bar to discovery; it is one factor to be balanced against the need for the information sought. Here, the financial information at issue — particularly what Coronitas paid for the State Court Judgment, who funded Coronitas, and Coronitas's financial relationship with Wolverine — is directly relevant to the alter ego inquiry and to the equities underlying the Lien Motion. The privacy interest of a corporate party whose very formation and funding are placed in issue by this litigation does not outweigh the legitimate need for this targeted information.

## C.  Privilege Objections

"A bald assertion of privilege is insufficient to claim the privilege, as is a blanket refusal to participate in discovery on the basis of a claimed privilege." 6 Moore's Federal Practice – Civil § 26.47[1][b] (2025). A claim of privilege must be directed to specific documents so that the Court has sufficient information to rule on the claim.*Id.*Coronitas has not produced a privilege log. To the extent any specific document may be privileged, Coronitas must identify it on a log. A blanket privilege assertion, asserted identically against every interrogatory and every document request (including requests for publicly available corporate formation documents), is not a valid assertion of privilege and will not be sustained.

## D.  No Stay of Discovery Is Warranted

Coronitas argues that discovery should be stayed until the Court rules on its dispositive arguments. A stay of discovery is an extraordinary remedy warranted only upon a clear showing of hardship or inequity. The Discovery here is minimal — six interrogatories and eight document demands, many of which call for the production of a single document or a simple factual answer. Compelling responses will not impose any meaningful burden. Meanwhile, Mr. King faces a lien that threatens to intercept his recovery after years of litigation. The efficiency argument cuts against a stay, not for it: if the Court finds jurisdiction over the Lien Motion and the parties have not yet conducted discovery, further delay will result. The Court should compel responses now.

## VI.  SANCTIONS

Rule 37 contains provisions concerning sanctions to be awarded against non-compliant parties.  In terms of the initial refusal to provide responses, in light of Rule 37(a)(5)(A)(ii), the Court must make a determination whether the refusal by counsel for Coronitas to honor the email service was substantially justified.  Regarding this issue, the Court should recall counsel for Wolverine (Coronitas' sister entity) taking an untenable position concerning the meaning of the Court's Local Rule regarding a Pretrial Stipulation and Order.  Furthermore, no purpose beyond delay was served by Coronitas' continuing refusal to produce after the meeting and conference.  As the Supreme Court stated in a different context in *Fleisher Engineering & Construction C. vs. U.S for use and Benefit of Hallenbeck*, 311 US 15, 19; "We think that the purpose of this provision as to manner of service was to assure receipt of the notice, not to make the described method mandatory so as to deny right of suit when the required written notice within the specified time had actually been given and received. In the face of such receipt, the reason for a particular mode of service fails."  Coronitas has always conceded that it received the discovery documents, in fact earlier than if they had been mailed.

Furthermore, by the time of the hearing on this Motion, the Court will be able to see whether Coronitas has responded to discovery.  That will be relevant to the sanctions issue as well, since Coronitas' allegedly substantive boilerplate (non)responses are clearly not made in good faith.

## VII.  CONCLUSION

Coronitas has stonewalled every aspect of this narrow and focused discovery.  It has asserted identical boilerplate objections to each and every interrogatory and document request, provided no substantive information whatsoever, and produced no documents.  For the reasons set forth above, Dismissed Debtor John E. King respectfully requests that the Court enter an order compelling Coronitas Holdings, LLC to provide full and complete substantive responses to the Interrogatories and

Requests for Production of Documents within fourteen (14) days of the Court's order, and to provide a privilege log identifying with particularity any documents withheld on grounds of privilege.

Dated: June 18, 2026

BEALL & BURKHARDT, APC

By: _William C. Beall_
William C. Beall, Attorneys for
Dismissed Debtor John E. King

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
**MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM CORONITAS HOLDINGS, LLC**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
6/18/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William C Beall**   Will@BeallandBurkhardt.com, carissa@beallandburkhardt.com
- **Todd Curry**   tcurry@currylegal.com
- **Casey Z Donoyan**   casey.donoyan@offitkurman.com,
  smcfadden@lakklawyers.com;ncondren@lakklawyers.com
- **Jon F Gauthier**   jgauthier@ftblaw.com, jrobinson@ftblaw.com
- **Jeffrey I Golden**   jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffr
  eyi.b117954@notify.bestcase.com
- **Hal D Goldflam**   hgoldflam@frandzel.com, sking@frandzel.com,autodocket@frandzel.com
- **Rosendo Gonzalez**   rossgonzalez@gonzalezplc.com,
  rgonzalez@ecf.axosfs.com;jzavala@gonzalezplc.com;zig@gonzalezplc.com;gig@gonzalezplc.com
- **Michael Haupt**   michael@ghmlaw.com
- **Carissa N Horowitz**   carissa@davidovichlaw.com, artyc@aol.com;castlesb@aol.com
- **Nicolino Iezza**   niezza@spiwakandiezza.com
- **Lior Katz**   lior@katzlaw.com
- **Thomas Scott Leo**   sleo@leolawpc.com, paralegal@leolawpc.com
- **Shae Luchetta**   shae@luchettalaw.com
- **Ashley Neglia**   ashley.neglia@eastwestbank.com
- **Teresa L Polk**   tp@smtdlaw.com, tugland@smtdlaw.com
- **Paul F Ready**   becky@farmerandready.com
- **United States Trustee (ND)**   ustpregion16.nd.ecf@usdoj.gov
- **Gerrick Warrington**   gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com
- 

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage
prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be
completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 8/1/2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/18/2026 | William C. Beall | _William C. Beall_ |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                             F 9013-3.1.PROOF.SERVICE