CURRY ADVISORS
A Professional Law Corporation
  K. Todd Curry (149360)
185 West F Street, Suite 100
San Diego, California 92101
Telephone:  (619) 238-0004
Fax Number: (619) 238-0006
email: tcurry@currylegal.com

Counsel for Lien Claimant
Coronitas Holdings, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re | ) Bankr. Case No. 9:22-BK-10674-RC |
| | ) |
| JOHN E. KING, | ) |
| | ) OPPOSITION BY CORONITAS |
| Debtor. | ) HOLDINGS, LLC TO MOTION FOR |
| | ) CONTINUANCE OF HEARINGS ON |
| | ) PURPORTED MOTIONS TO AVOID |
| | ) LIENS CREATED PURSUANT TO |
| | ) CALIFORNIA CODE OF CIVIL |
| | ) PROCEDURE SECTIONS 708.410, *ET* |
| | ) *SEQ.* TO ENFORCE STATE COURT |
| | ) JUDGMENT |
| | ) |
| | ) |
| | ) |
| | ) Date:    July 7, 2026 |
| | ) Time:    10:00 a.m. |
| | ) Place:   1415 State Street |
| | ) |
| | )          Courtroom 201 |
| | )          Santa Barbara, CA 93101 |
| _____ | ) |

/ / /

/ / /

/ / /

Coronitas Holdings, LLC ("Coronitas") submits this opposition to the Kings' motions for continuances (Docket No. 305 in Case No. 9:22-BK-10673-RC, Docket No. 441 in Case No. 9:22-BK-10674-RC) with respect to their Motions to Avoid Liens, which are scheduled for hearing on July 7, 2026.  In support of this opposition, Coronitas respectfully represents as follows:

1.     On March 26, 2026, John King and Carole King each filed a purported Motion to Avoid Lien (each a "Lien Motion" and together, the "Lien Motions") asking this Court to issue extraordinary relief and determine that a certain state court judgment (the "State Court Judgment") against John and Carole King that previously belonged to Insurance Company of the West ("ICW"), but which now belongs to Coronitas, cannot be enforced against the Kings. Specifically, the Kings seek to "avoid" Coronitas's liens against any rights that the Kings have or might have to receive payment on account of their motions pending in this Court for damages against Wolverine Endeavors VIII, LLC ("Wolverine").  *See* Docket No. 286 in the Carol King case, Docket No. 401 in the John King case.

2.     As explained in Coronitas's oppositions to the Lien Motions (Docket No. 295 in the Carol King case, Docket No. 430 in the John King case), the Kings base their Lien Motions on legal authority holding that a creditor (in this case, Wolverine) who files an involuntary petition bankruptcy against a debtor cannot employ setoff in lieu of paying damages under 11 U.S.C. § 303(i).  The Kings argue that Coronitas and Wolverine are the same entity, so because Wolverine allegedly is subject to the no-setoff rule, so is Coronitas.

3.     The Kings now seek a continuance because they assert they need discovery.  That allegation is baseless.  No discovery is needed because the Lien Motions are barred as a matter of law.

/ / /

/ / /

/ / /

/ / /

1

4.      As detailed in Coronitas's opposition, the Lien Motions can and should be disposed of as a matter of law because, among other reasons, they are based on a non-existent legal theory.  In short, no one asserts a setoff, including because Wolverine has not proposed to issue a credit to the Kings in lieu of paying any damage award (no such award has been issued). (Coronitas has not proposed a setoff either, nor could it do so because it is undisputed that Coronitas owes nothing to the Kings.)  Because the no-setoff rule does not apply here, the Kings' purported reliance on the no setoff rule is a baseless straw man argument.

5.      As further detailed in Coronitas's opposition, the ICW judgment now owned by Coronitas is not even the same, allegedly setoff-disqualified judgment that Wolverine seeks to enforce, and ICW settled the Kings' claims against ICW under 11 U.S.C. § 303(i), so even if Coronitas sought a setoff (which it does not), its judgment would not be subject to the no-setoff rule.

6.      Because no cognizable legal theory supports the Lien Motions, no fact discovery is necessary, the parties and the Court need not expend substantial time and resources concerning discovery and discovery disputes, the Court should not continue the hearing on the Lien Motions, and the Court should deny the Lien Motions as a matter of law for that reason and the multiple other reasons detailed in Coronitas's oppositions to the Lien Motions.

Dated: June 24, 2026

CURRY ADVISORS
A Professional Law Corporation

/s/ K. Todd Curry

By: _____

K. Todd Curry
Counsel for Lien Claimant
Coronitas Holdings, LLC

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

185 West F Street, Ste. 100
San Diego, CA 92101

A true and correct copy of the foregoing document entitled (*specify*): _____
OPPOSITION BY CORONITAS HOLDINGS, LLC TO MOTION FOR CONTINUANCE OF HEARINGS ON
PURPORTED MOTIONS TO AVOID LIENS CREATED PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE
SECTIONS 708.410, ET SEQ. TO ENFORCE STATE COURT JUDGMENT
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
06/24/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

See Attached Service List.

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/24/2026 | K. Todd Curry | /s/ K. Todd Curry |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

William C Beall on behalf of Debtor John E King
Will@BeallandBurkhardt.com, carissa@beallandburkhardt.com

Todd Curry on behalf of Interested Party Coronitas Holdings, LLC
tcurry@currylegal.com

Casey Z Donoyan on behalf of Petitioning Creditor Wolverine Endeavors VIII, LLC
casey.donoyan@offitkurman.com, smcfadden@lakklawyers.com;ncondren@lakklawyers.com

Jon F Gauthier on behalf of Interested Party Courtesy NEF
jgauthier@ftblaw.com, jrobinson@ftblaw.com

Jon F Gauthier on behalf of Petitioning Creditor Insurance Company Of The West
jgauthier@ftblaw.com, jrobinson@ftblaw.com

Jeffrey I Golden on behalf of Petitioning Creditor Wolverine Endeavors VIII, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;g
olden.jeffreyi.b117954@notify.bestcase.com

Hal D Goldflam on behalf of Interested Party Courtesy NEF
hgoldflam@frandzel.com, sking@frandzel.com,autodocket@frandzel.com

Rosendo Gonzalez on behalf of Attorney Attorney Michael D. Haupt Attorney for Non-Creditors
rossgonzalez@gonzalezplc.com,
rgonzalez@ecf.axosfs.com;jzavala@gonzalezplc.com;zig@gonzalezplc.com;gig@gonzalezplc.c
om

Rosendo Gonzalez on behalf of Petitioning Creditor Wolverine Endeavors VIII, LLC
rossgonzalez@gonzalezplc.com,
rgonzalez@ecf.axosfs.com;jzavala@gonzalezplc.com;zig@gonzalezplc.com;gig@gonzalezplc.c
om

Michael Haupt on behalf of Attorney Attorney Michael D. Haupt Attorney for Non-Creditors
michael@ghmlaw.com

Carissa N Horowitz on behalf of Debtor John E King
carissa@davidovichlaw.com, artyc@aol.com;castlesb@aol.com

Nicolino Iezza on behalf of Interested Party Courtesy NEF
niezza@spiwakandiezza.com

Lior Katz on behalf of Petitioning Creditor Fence Factory, Inc.
lior@katzlaw.com

Thomas Scott Leo on behalf of Petitioning Creditor Insurance Company Of The West
sleo@leolawpc.com, paralegal@leolawpc.com

Shae Luchetta on behalf of Interested Party AKRO Real Estate Partners LLC
shae@luchettalaw.com

Ashley Neglia on behalf of Petitioning Creditor East West Bank
ashley.neglia@eastwestbank.com

Teresa L Polk on behalf of Creditor International Fidelity Insurance Company
tp@smtdlaw.com, tugland@smtdlaw.com

Paul F Ready on behalf of Interested Party Courtesy NEF
becky@farmerandready.com

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov

Gerrick Warrington on behalf of Interested Party Courtesy NEF
gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

Gerrick Warrington on behalf of Petitioning Creditor East West Bank
gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com